**HOUSTON HEALTH CLUBS, INC. et al., Relators,**

v.

**The FIRST COURT OF APPEALS, Respondent.**

No. C–5290.

Supreme Court of Texas.

Dec. 3, 1986.

Rehearing Denied Feb. 11, 1987.

Don Fogel, Thomas Alexander and Kevin McEvily, Alexander, Fogel & McEvily, Houston, for relators.

Joe Alfred Izen, Jr., Houston, for respondent.

PER CURIAM.

The issue in this original mandamus proceeding is whether a trial court's order granting a new trial is voidable because it was signed after that court lost plenary jurisdiction over its default judgment.

Whether the trial court retained jurisdiction to grant the new trial depends on whether the default judgment is interlocutory or final. In a previous mandamus proceeding, the court of appeals concluded that the default judgment was final and that the trial court's order granting new trial was voidable. In an unpublished opinion, the court of appeals directed the trial court to vacate its order of new trial. *Minns v. Salazar*, No. 01–86–0146–CV (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding). We hold that the trial court's order of new trial is not voidable because the default judgment is interlocutory. The court of appeals therefore abused its discretion in ordering the trial court to vacate its order, and we conditionally grant the writ of mandamus.

The lawsuit underlying the present mandamus is a landlord-tenant dispute. The landlord filed suit seeking possession of the leased premises, damages for waste, punitive damages and attorney's fees. The tenant, who is our present relator, failed to answer, and a default judgment was rendered for the landlord. The default judgment granted the landlord all the relief sought except for punitive damages which the judgment did not mention either expressly or by implication.

Seven months later, the tenant filed its motion for new trial in which it argued that the default judgment was interlocutory because it did not dispose of all the issues or claims in the case. The tenant also argued improper service under the Texas Long-Arm Statute, Tex.Civ.Prac. & Rem.Code Ann. § 17.041 *et seq.* (Vernon 1986), as well as the requisite elements for a new trial. *See Craddock v. Sunshine Buslines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). The trial court agreed that the default judgment was interlocutory, agreed that service under the Long-Arm Statute was defective, and agreed that tenant was entitled to a new trial.

Landlord then filed for mandamus relief with the court of appeals. The court of appeals held that the default judgment was final, that the trial court lost jurisdiction over its judgment thirty days after its signing, Tex.R.Civ.P. 329b(d), and that the tenant's claim of defective service could only be pursued by bill of review or appealed by writ of error. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (Tex.1961). We do not agree that the default judgment was final.

A final judgment is one that disposes of all parties and all issues in a lawsuit. *Schlipf v. Exxon Corporation*, 644 S.W.2d 453, 454 (Tex.1982). In determining whether a judgment is final, different presumptions apply depending on whether the judgment follows a conventional trial on the merits or results from default or a motion for summary judgment. Following a conventional trial on the merits, the judgment is presumed final. This is the rule from *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893, 898 (Tex.1966):

> When a judgment ... is rendered and entered in a case regularly set for a conventional trial on the merits, ... it will be presumed for appeal purposes that the court intended, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.... Of course, the problem can be eliminated entirely by ... a simple statement that all relief not expressly granted is denied.

However, the *Aldridge* presumption does not apply to summary judgments or default judgments. *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984); *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex.1984); *PHB, Inc. v. Goldsmith*, 539 S.W.2d 60 (Tex. 1976); *Dickerson v. Mack Financial Corporation*, 452 S.W.2d 552, 554–55 (Tex.Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.); Peeples, *Trial Court Jurisdiction and Control over Judgments*, 17 St. Mary's L.J. 367, 376 (1986).

The default judgment in the present case did not dispose of the punitive damage issue, thus, it is not final. *Hunt Oil Company v. Moore*, 639 S.W.2d 459 (Tex.1982); *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200 (1959). Because

the default judgment is interlocutory, the trial court retained jurisdiction to set it aside and grant a new trial. *Kone v. Security Financial Company,* 158 Tex. 445, 313 S.W.2d 281, 286 (1959). The action of the court of appeals in directing the trial court to vacate its order of new trial is contrary to *Hunt Oil Company* and *Pan American Petroleum Corporation* and constitutes an abuse of discretion. Without oral argument and pursuant to Tex.R. App.P. 122, we conditionally grant the writ of mandamus.