# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00607-CV

**Harry E. Bundy, Jr., Appellant**

**v.**

**Green Creek Nursery, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 45,327, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

Appellant Harry E. Bundy, Jr., *pro se*, filed AAppellant Amended Notice to Appeal and/or Request for Extention (sic) of Time to file the Appeal.@ After reviewing the district clerk=s record, this Court, by letter to appellant, inquired whether it had jurisdiction over the appeal as it appeared from the clerk=s record that the trial court had not rendered an appealable order. This Court=s letter directed Mr. Bundy to respond and show cause why the appeal should not be dismissed for want of jurisdiction. After considering the response, we will dismiss the appeal for want of jurisdiction.

The clerk=s record reflects that in May 2001, Mr. Bundy and his wife, Elisha R. Bundy, commenced proceedings in the Bell County Court at Law against Green Creek Nursery alleging that the driver of the Nursery=s tractor trailer truck acted negligently and caused a collision between the Nursery=s truck and the Bundys= car. The Nursery answered the lawsuit, generally denied the Bundys= claims, and raised several affirmative defenses. After some time passed, the Nursery filed a combined traditional and no-evidence motion for summary judgment. The Nursery also filed a motion to compel the Bundys to respond to discovery and moved for sanctions against the Bundys alleging that they were impairing the discovery process. The Bundys responded to the motion for summary judgment. Following a hearing, the trial court denied the Nursery=s combined motion for summary judgment and granted in part the Nursery=s motion to compel discovery.

The Bundys supplemented their petition and moved to compel the Nursery to respond to discovery and moved for sanctions against the Nursery. The Nursery responded to the motion to compel and filed a counter-motion for sanctions against the Bundys. On July 23, 2002, the trial court called the case for a hearing on the Bundys= motion to compel discovery and the motions for sanctions. At the hearing, both sides presented arguments on the motions. Also at the hearing, Ms. Bundy moved to nonsuit her claims against the Nursery. The same day, the trial court granted Ms. Bundy=s motion and ordered her claims against the Nursery nonsuited without prejudice. Also on July 23, Mr. Bundy filed a notice of appeal complaining about the trial court=s ruling from the bench earlier that day. Mr. Bundy, however, did not forward this notice of appeal to this Court. On August 7, Mr. Bundy filed in the district clerk=s office a

request to proceed as an indigent person on appeal. On August 15, the Nursery filed a second no-evidence motion for summary judgment.

On August 16, the trial court signed an order that denied Mr. Bundy=s motion to compel discovery, denied his motion for sanctions, granted the Nursery=s motion for sanctions, and ordered that Mr. Bundy pay a sanction of $450 to the Nursery. Mr. Bundy timely asked the trial court to reconsider its order. The Nursery=s motion for summary judgment remained pending.

On September 24, Mr. Bundy filed an amended notice of appeal and/or request for extension of time to file the appeal, which the Bell County clerk forwarded to this Court. The notice or request states that Mr. Bundy is appealing (1) the sanction order requiring him to pay $450 to the Nursery and (2) the order nonsuiting Ms. Bundy=s claims without prejudice. By letter to Mr. Bundy, this Court inquired whether the trial court had rendered an appealable order and whether this Court had jurisdiction over the appeal. This Court=s letter informed Mr. Bundy that absent a showing that an appealable order exists in the underlying case, the appeal would be dismissed for want of jurisdiction. Mr. Bundy responded to this Court=s inquiry; the Nursery did not. Mr. Bundy=s response, however, failed to inform this Court of the existence of an appealable order in the underlying case.

Mr. Bundy attempts to appeal an interlocutory sanction order that is a nonappealable order. *See Braden v. Downey*, 811 S.W.2d 922, 928 (Tex. 1991) (discovery sanctions). Mr. Bundy is also appealing the nonsuit of his wife=s claims without prejudice. There is no presumption that an order of nonsuit is final or appealable, and further, the order of nonsuit here does not purport to dispose of the entire case. *See Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986). In

**3**

addition, Mr. Bundy has not shown his standing to appeal the nonsuit of his wife=s action, which was granted on her motion.

We hold that Mr. Bundy failed to show this Court that the trial court rendered an appealable order in the underlying case. Absent an appealable order, this Court is without jurisdiction over the appeal. We dismiss Mr. Bundy=s amended notice of appeal and his request to extend time to file the appeal. The appeal is dismissed for want of jurisdiction.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Dismissed For Want of Jurisdiction

Filed: November 15, 2002

Do Not Publish

4