TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00607-CV






Harry E. Bundy, Jr., Appellant



v.



Green Creek Nursery, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY

NO. 45,327, HONORABLE GERALD M. BROWN, JUDGE PRESIDING






 Appellant Harry E. Bundy, Jr., pro se, filed "Appellant Amended Notice to Appeal
and/or Request for Extention (sic) of Time to file the Appeal." After reviewing the district clerk's
record, this Court, by letter to appellant, inquired whether it had jurisdiction over the appeal as it
appeared from the clerk's record that the trial court had not rendered an appealable order. This
Court's letter directed Mr. Bundy to respond and show cause why the appeal should not be dismissed
for want of jurisdiction. After considering the response, we will dismiss the appeal for want of
jurisdiction.

 The clerk's record reflects that in May 2001, Mr. Bundy and his wife, Elisha R.
Bundy, commenced proceedings in the Bell County Court at Law against Green Creek Nursery
alleging that the driver of the Nursery's tractor trailer truck acted negligently and caused a collision
between the Nursery's truck and the Bundys' car. The Nursery answered the lawsuit, generally
denied the Bundys' claims, and raised several affirmative defenses. After some time passed, the
Nursery filed a combined traditional and no-evidence motion for summary judgment. The Nursery
also filed a motion to compel the Bundys to respond to discovery and moved for sanctions against
the Bundys alleging that they were impairing the discovery process. The Bundys responded to the
motion for summary judgment. Following a hearing, the trial court denied the Nursery's combined
motion for summary judgment and granted in part the Nursery's motion to compel discovery.

 The Bundys supplemented their petition and moved to compel the Nursery to respond
to discovery and moved for sanctions against the Nursery. The Nursery responded to the motion to
compel and filed a counter-motion for sanctions against the Bundys. On July 23, 2002, the trial court
called the case for a hearing on the Bundys' motion to compel discovery and the motions for
sanctions. At the hearing, both sides presented arguments on the motions. Also at the hearing,
Ms. Bundy moved to nonsuit her claims against the Nursery. The same day, the trial court granted
Ms. Bundy's motion and ordered her claims against the Nursery nonsuited without prejudice. Also
on July 23, Mr. Bundy filed a notice of appeal complaining about the trial court's ruling from the
bench earlier that day. Mr. Bundy, however, did not forward this notice of appeal to this Court. On
August 7, Mr. Bundy filed in the district clerk's office a request to proceed as an indigent person on
appeal. On August 15, the Nursery filed a second no-evidence motion for summary judgment. 

 On August 16, the trial court signed an order that denied Mr. Bundy's motion to
compel discovery, denied his motion for sanctions, granted the Nursery's motion for sanctions, and
ordered that Mr. Bundy pay a sanction of $450 to the Nursery. Mr. Bundy timely asked the trial
court to reconsider its order. The Nursery's motion for summary judgment remained pending.

 On September 24, Mr. Bundy filed an amended notice of appeal and/or request for
extension of time to file the appeal, which the Bell County clerk forwarded to this Court. The notice
or request states that Mr. Bundy is appealing (1) the sanction order requiring him to pay $450 to the
Nursery and (2) the order nonsuiting Ms. Bundy's claims without prejudice. By letter to Mr. Bundy,
this Court inquired whether the trial court had rendered an appealable order and whether this Court
had jurisdiction over the appeal. This Court's letter informed Mr. Bundy that absent a showing that
an appealable order exists in the underlying case, the appeal would be dismissed for want of
jurisdiction. Mr. Bundy responded to this Court's inquiry; the Nursery did not. Mr. Bundy's
response, however, failed to inform this Court of the existence of an appealable order in the
underlying case. 

 Mr. Bundy attempts to appeal an interlocutory sanction order that is a nonappealable
order. See Braden v. Downey, 811 S.W.2d 922, 928 (Tex. 1991) (discovery sanctions). Mr. Bundy
is also appealing the nonsuit of his wife's claims without prejudice. There is no presumption that
an order of nonsuit is final or appealable, and further, the order of nonsuit here does not purport to
dispose of the entire case. See Houston Health Clubs v. First Court of Appeals, 722 S.W.2d 692,
693 (Tex. 1986). In addition, Mr. Bundy has not shown his standing to appeal the nonsuit of his
wife's action, which was granted on her motion.

 We hold that Mr. Bundy failed to show this Court that the trial court rendered an
appealable order in the underlying case. Absent an appealable order, this Court is without
jurisdiction over the appeal. We dismiss Mr. Bundy's amended notice of appeal and his request to
extend time to file the appeal. The appeal is dismissed for want of jurisdiction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Dismissed For Want of Jurisdiction

Filed: November 15, 2002

Do Not Publish