OPINION


No. 04-03-00547-CV


PANATROL CORPORATION,

Appellant


v.


EMERSON ELECTRIC COMPANY & WILLOWBROOK FOODS,

Appellees


From the 216th Judicial District Court, Gillespie County, Texas

Trial Court No. 9472-A

Honorable Stephen B. Ables, Judge Presiding


ON APPELLANT'S MOTION FOR REHEARING

AND MOTION FOR REHEARING EN BANC


Opinion by: Sandee Bryan Marion, Justice 

Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice



Delivered and Filed: August 18, 2004


APPELLANT'S MOTION FOR REHEARING GRANTED; MOTION FOR REHEARING EN
BANC DENIED; MOTION TO DISMISS DENIED


 In an opinion and judgment dated February 11, 2004 we dismissed this appeal for lack of
jurisdiction. Appellant, Panatrol Corporation ("Panatrol") filed a motion for rehearing and a motion
for rehearing en banc. We grant the motion for rehearing, withdraw our opinion and judgment of
February 11, 2004, and issue this opinion and judgment in its place. (1) 

 This appeal arises from a larger suit filed by plaintiffs, Willowbrook Foods Inc., Promised
Land Foods, Inc., and Sunday House Foods, Inc., against several defendants, including Emerson
Electric Company ("Emerson") and Farm Credit Leasing ("FCL"). Plaintiffs sued Emerson to hold
it liable for the malfunction of a component part of a control panel on a commercial turkey fryer.
Emerson subsequently joined Panatrol as a third-party contribution defendant based on its alleged
independent fault for plaintiffs' injuries. Panatrol counterclaimed against Emerson for
indemnification. Over a period of several months, the trial court signed several orders disposing of
certain parties and claims, and severing those parties and claims into a single separate cause number
(9472-A). Panatrol appealed a summary judgment rendered against it in favor of Emerson.
Subsequently, Emerson filed a motion to dismiss this appeal for lack of jurisdiction on the grounds
that Panatrol did not file a timely notice of appeal. 

 Following are the dates pertinent to the issue of whether Panatrol timely filed its notice of
appeal:


DATE
ACTION
March 28, 2003


 
plaintiffs prematurely filed a motion for reconsideration asserting, in part,
that summary judgment on all of their claims against FCL was improper
because FCL's motion for summary judgment did not address plaintiffs'
strict liability claims
March 31, 2003
trial court rendered a take-nothing summary judgment in favor of Emerson
on all of plaintiffs' claims against Emerson 

trial court rendered a take-nothing summary judgment in favor of FCL on all
of plaintiffs' claims against FCL 

trial court rendered a take-nothing summary judgment in favor of Panatrol
on Emerson's contribution claim against Panatrol
April 28, 2003
trial court rendered a take-nothing summary judgment in favor of Emerson
on Panatrol's indemnification claim, severed Panatrol's indemnification claim
from the main action, and assigned the claim to cause number 9472-A 
 
trial court denied plaintiffs' motion for reconsideration as to the summary
judgment in favor of Emerson
May 14, 2003
trial court severed all of plaintiffs' claims against Emerson and FCL from the
main action and assigned those claims to cause number 9472-A 

trial court severed Emerson's contribution claim against Panatrol from the
main action and assigned it to cause number 9472-A
May 15, 2003
FCL filed a motion for summary judgment on plaintiffs' remaining products
liability claims
June 5, 2003
trial court dismissed plaintiffs' claims against other defendants 

trial court severed plaintiffs' claims against other defendants and
consolidated those claims with the other severed parties
July 7, 2003
Panatrol filed its notice of appeal complaining of the trial court's April 28th
judgment in favor of Emerson
August 18,
2003
trial court rendered summary judgment in favor of FCL on plaintiffs'
remaining product liability claims in cause number 9472-A 

 

 Emerson asserts Panatrol's notice of appeal was due thirty days from April 28th. Panatrol
asserts its notice of appeal was timely because the April 28th summary judgment did not become a
final order until one of three alternative dates, at the latest August 18th. DISCUSSION This court does not have jurisdiction over an appeal in the absence of a final judgment or an
appealable interlocutory order. See Houston Health Clubs, Inc. v. First Court of Appeals, 722
S.W.2d 692, 693 (Tex. 1986); Northeast Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.
1966). Appellate timetables are calculated from the signing of a final judgment in a case. See Farmer
v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). A judgment is final when "it actually
disposes of every pending claim and party or . . . it clearly and unequivocally states that it finally
disposes of all claims and all parties." Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 

 Generally, an otherwise interlocutory summary judgment becomes final when the trial court
signs an order severing into a separate cause the parties and claims addressed in the judgment. See
Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C., 63 S.W.3d 795, 795 (Tex.
2001); Farmer, 907 S.W.2d at 496. An order of severance is effective when signed. Farmer, 907
S.W.2d at 496; McRoberts v. Ryals, 863 S.W.2d 450, 452-53 (Tex. 1993). Therefore, here, the
summary judgment in favor of Emerson would have become final and appealable thirty days after the
severance order was signed on April 28th. See Tex. R. App. P. 26.1.

 However, the April 28th judgment itself did not clearly and unequivocally state it finally
disposed of all claims and all parties, and on May 14th, the trial court severed into cause number
9472-A plaintiffs' unresolved strict liability claims against FCL. As a result, the April 28th judgment
in favor of Emerson was no longer final. See Lehmann, 39 S.W.3d at 205. And, with the May 14th
severance of unresolved claims into cause number 9472-A, the April 28th judgment no longer actually
disposed of every pending claim and party in cause number 9472-A. See id.

 Plaintiffs' strict liability claims were not resolved until August 18, 2003. On this date, the trial
court actually disposed of all pending claims and parties in cause number 9472-A. Therefore, a notice
of appeal was not due until September 19, 2003. See Tex. R. App. P. 26.1. Thus, Panatrol's 

 


notice of appeal, filed on July 7, 2003, was timely. See Tex. R. App. P. 27.1(a). Accordingly, we
deny Emerson's motion to dismiss. 


 Sandee Bryan Marion, Justice





1. Panatrol's motion for rehearing en banc is denied by separate order of this court.