In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00082-CV
______________________________


DONNA CLIFT AND KIMBERLY PEEL, Appellants
 
V.
 
FREDERIC JAMES RODGERS, III, BOBBY S. LEACH,
MAZZIO'S PIZZA, AND SANDRA EDMONDSON DAY, Appellees


                                              

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2004-1054-CCL2


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Donna Clift and Kimberly Peel (collectively "the plaintiffs") sued Frederic James
Rodgers, III, Bobby S. Leach, Mazzio's Pizza, and Sandra Edmondson Day, for injuries the plaintiffs
received from a traffic accident with a Mazzio's Pizza delivery vehicle in Longview, Texas. 
Mazzio's moved for summary judgment under both traditional grounds and no-evidence grounds. 
See Tex. R. Civ. P. 166a(c), (i). Mazzio's also filed a motion for severance. The trial court granted
the motion for summary judgment on both traditional and no-evidence grounds. The trial court's
order did not, however, grant the motion for severance, inasmuch as the paragraph that would
otherwise sever the plaintiffs' claims against Mazzio's from the rest of the case has been crossed
through and initialed "AC" by the trial judge. 
            Texas appellate courts have jurisdiction only over final judgments. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appellate jurisdiction
if it disposes of all issues and parties in a case and no further action is required to determine the
controversy. Id.; Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex.
1986). A judgment that fails to dispose of all issues and all parties before the trial court is neither
final nor, with certain exceptions, appealable. Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508,
510 (Tex. 1995).
            In the case now on appeal, the trial court's order granting summary judgment pertains only
to the claims against Mazzio's. The trial court's order does not address the remaining defendants or
the claims against those persons. Thus, it is not a final, appealable order. Cf. id. 
            On August 11, 2005, we sent the parties a letter warning them of this possible defect in our
jurisdiction. We gave the plaintiffs until September 1, 2005, to show how, in accordance with the
record of this case, this Court has jurisdiction over this appeal. Almost three weeks have passed
since that deadline, and we have received no response from the plaintiffs. Accordingly, we assume
the plaintiffs' silence indicates they have conceded that this appeal is interlocutory and that we lack
jurisdiction over it.
            For the reasons stated, we dismiss the appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 22, 2005
Date Decided:             September 23, 2005