NUMBER 13-03-351-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

THE
HOUSING AUTHORITY OF 

THE
CITY OF MCALLEN,                                                               Appellant,

 

                                                             v.

 

DUDLEY
WARD ROBERTS AS

INDEPENDENT
EXECUTOR OF

THE
ESTATE OF CAROL ANN

ROBERTS,
DECEASED,                                                                 Appellee.

 

                       On
appeal from the County Court at Law No. 1 

                                        of
Hidalgo County, Texas.

 

                                                    

                               MEMORANDUM
OPINION

 

                       Before
Justices Hinojosa, Yañez, and Castillo

                            Memorandum Opinion
by Justice Yañez           








Appellant, the Housing Authority of the City of
McAllen (AMHA@), appeals the trial court=s order denying its motion for summary judgment and
granting the AMotion to Enforce Settlement@ of appellee, Dudley Ward Roberts as Independent
Executor of the Estate of Carol Ann Roberts, Deceased.  In three issues, MHA contends: (1) the trial
court=s September 26, 2002 judgment is interlocutory
because it did not dispose of all claims pending before the court; (2) the
trial court erred in granting appellee=s AMotion to Enforce Settlement;@ and (3) the trial court erred in denying appellant=s motion for summary judgment.  We dismiss for want of jurisdiction.

                                                                  Background

On May 31, 2000, appellee, as executor of the estate
of his deceased wife, Carol Ann Roberts, sued MHA for payment of unused sick
leave and vacation benefits accumulated by Ms. Roberts during her employment
with MHA.  Ms. Roberts died on February
19, 1999.  The petition also requested
attorney=s fees and costs.

On March 25, 2002, MHA filed a traditional and
no-evidence ASecond Amended Motion for Summary Judgment,@ contending, among other things, that (1) pursuant
to MHA=s policies, it had no duty to pay Ms. Roberts for
accumulated but unused sick leave, and (2) there is no evidence that MHA
entered into a contract with Ms. Roberts whereby it agreed to pay her for any
accumulated but unused vacation leave or sick leave.  On May 7, 2002, appellee filed a AMotion to Enforce Settlement@ and response to MHA=s
motion for summary judgment.  In the
motion, appellee argues that prior to Ms. Roberts=s
death, she and MHA entered into an Aoral agreement,@ by which MHA agreed to pay her for 155 1/2 days of
sick leave.  The motion also (1) argues
that MHA is not entitled to summary judgment because a material issue of fact
exists as to whether MHA had agreed to pay for accumulated sick leave, and (2)
requests attorney=s fees and other appropriate relief.  








On September 19, 2002, the trial court entered an
order denying MHA=s motion for summary judgment and granting appellee=s AMotion to Enforce Settlement Agreement.@  The order
states that Athe Motion to Enforce Settlement be and is hereby
granted.  Counsel for the Plaintiff is
directed to prepare a Judgment in appropriate format.  All relief not granted herein is hereby
denied.@  On September
26, 2002, the trial court entered a written judgment, which states in its
entirety:

This matter came on for hearing on July 21, 2002 and
the Court, having considered the Motion to Enforce Settlement Agreement filed
herein on behalf of the Plaintiff, and having granted same, hereby orders a
Judgment be entered herein.

 

AND NOW, this 26th day of Sept., 2002, IT IS HEREBY
ORDERED, ADJUDGED AND DECREED that the Plaintiff, DUDLEY WARD ROBERTS,
INDEPENDENT EXECUTOR OF THE ESTATE OF CAROL ANN ROBERTS, DECEASED, have and
recover judgment against the Defendant, THE HOUSING AUTHORITY OF THE CITY OF
McALLEN, TEXAS, in the amount of Thirty Four Thousand Seven Hundred Thirty
Seven Dollars and Sixteen Cents ($34,737.16), together with pre-judgment
interest thereon in the amount of Seven Thousand Nine Hundred Seventy Seven
Dollars and Seventy Six Cents ($7,977.76), together with post-judgment interest
at the legal rate for which let execution issue if not sooner paid.

 

SIGNED and ENTERED on the 24th day of Sept.,
2002.    

 

MHA timely filed a
motion for new trial, which was overruled by operation of law.[1]  MHA adopted the position that the September
26, 2002 judgment was not a final judgment because it did not address all
issues before the court, including appellee=s
claim for attorney=s fees.  On
April 4, 2003, appellee filed a AMotion for Clarification of Order,@ in which he requested that the trial court hold a
hearing and clarify whether it intended the September 26, 2002 judgment to be
final.  








On May 15, 2003, approximately eight months after
issuing judgment, the trial court held a hearing.  MHA argued that because the September 26,
2002 judgment did not dispose of all issues, including appellee=s claim for attorney=s
fees, and did not contain a AMother Hubbard@ clause, the judgment was not final.  MHA also argued that if the trial court
intended for the judgment to be final, it should sever appellee=s claims for attorney=s fees
and costs, which remain pending before the court.  Appellee argued that because no evidence was
presented regarding his claim for attorney=s fees, the issue was Awaived.@  At the
conclusion of the hearing, the trial court ruled that A[t]he intent of the court was to resolve all matters.  The judgment that I signed on September the
26th was the final judgment.@  This appeal
ensued.  

                                                                   Jurisdiction








Unless otherwise statutorily authorized, an appeal
may be taken only from a final judgment or order.[2]  When there has not been a conventional trial
on the merits, an order or judgment is not final for purposes of appeal unless
it actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and all parties.[3]  AIf the record reveals the existence of parties or
claims not mentioned in the order, the order is not final,@ unless it is made final by its own language.[4]
The law does not require that a final judgment be in any particular form;
therefore, whether a decree is a final judgment must be determined from its
language and the record in the case.[5]


Here, the September 26, 2002 judgment contains
neither a AMother Hubbard@ clause nor any unequivocal language clearly
indicating finality.[6]  It does not dispose of appellee=s claims for attorney=s fees
and costs.  Although the judgment awards
appellee interest, we conclude such a factor is not dispositive.[7]  Because the judgment does not dispose of all
of appellee=s claims, we conclude that it is interlocutory.[8]

Accordingly, we dismiss the appeal for want of
jurisdiction.

 

                                                               
                                                                                                                   LINDA REYNA YAÑEZ

Justice

 

 

 

 

Memorandum
opinion delivered and filed this 

the
29th day of September, 2005.

                                                                              











[1]
See Tex. R.
Civ. P. 329.  





[2]
Tex.
Civ.  Prac. & Rem. Code Ann. '' 51.012, 51.014 (Vernon 1997 &
Supp. 2004‑05). 





[3]
Lehmann v. Har‑Con
Corp., 39 S.W.3d
191, 205 (Tex. 2001).   





[4]  Id. at
206.





[5]
Id. at 195.





[6]
Id. at 206.





[7]
See In re Burlington Coat
Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding)
(discussing holding in Houston Health Clubs, Inc. v. First Court of Appeals,
722 S.W.2d 692, 693 (Tex. 1986), that judgment which awarded costs and interest
was not final because it did not actually dispose of all of plaintiff=s claims). 





[8]
See id. at 831.