COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-149-CV

 

 

REAL
PROPERTY AND ALL IMPROVEMENTS 

LOCATED AT 2900 COVE, WICHITA FALLS, 

WICHITA COUNTY, TEXAS, WITH A LEGAL 

DESCRIPTION OF LOT 19, BLOCK 2, 

SECTION 3, MIDWESTERN FARM EDITION, 

WICHITA COUNTY                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In this forfeiture
proceeding, Gholamereza Vafaiyan is attempting to appeal the trial court=s order granting the State=s motion to sell Vafaiyan=s real property, house, and improvements (the Property).  The State has moved to dismiss the appeal for
lack of jurisdiction.  We grant the State=s motion and dismiss the appeal.

On March 30, 2006, Vafaiyan
was convicted of money laundering.  His
appeal from that conviction is currently pending before this court.  In April 2006, the State seized the Property
and filed the underlying forfeiture proceeding, alleging that the Property is
contraband as defined by article 59.01 of the code of criminal procedure.[2]  In October 2006, the State filed a motion to
sell the Property.  After a hearing on
April 9, 2007, at which Vafaiyan and the State were both present,[3]
the trial court issued an order granting the State=s motion.[4]  This appeal followed. 








Although forfeiture
proceedings are governed by chapter 59 of the code of criminal procedure, they
are civil in nature.[5]  A final judgment in a civil case is one that
disposes of all parties and all issues in a lawsuit.[6]  A court of appeals has no appellate
jurisdiction over a nonfinal, interlocutory order unless expressly authorized
by statute.[7]

In this case, the trial court=s order granting the State=s motion to sell the Property is not final because it does not dispose
of all issues in the forfeiture proceeding. 
Further, chapter 59 contains no provision authorizing an appeal from an
interlocutory order granting a motion to sell seized property.[8]  Moreover, although Vafaiyan has responded to
the State=s motion to
dismiss, he does not direct us to any statute granting us jurisdiction over
this appeal, and our research has revealed none.[9]  Accordingly, we grant the State=s motion to dismiss and dismiss the appeal for want of jurisdiction.

 

PER CURIAM

 

PANEL
D:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DELIVERED:  August 16, 2007                             











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
59.01(2) (Vernon 2006).





[3]Vafaiyan
appeared pro se with S. Price Smith, an attorney, acting as his co-counsel. 





[4]See
id. art. 59.02(e) (providing that, after notice to the property owner and
a hearing, the trial court Amay make appropriate orders
to preserve and maintain the value of the property until a final disposition
[of the forfeiture proceeding], including the sale of the property if that is
the only method by which the value of the property may be preserved until final
disposition@).





[5]Id. art.
59.05(a).





[6]Houston
Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693
(Tex. 1986). 





[7]N.Y.
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex.
1990).





[8]See Tex. Code Crim. Proc. Ann. arts. 59.01B.14
(Vernon 2006).





[9]For
example, the trial court=s
order does not fall into any of the categories of appealable interlocutory
orders listed in Tex. Civ. Prac. &
Rem. Code Ann. '
51.014(a) (Vernon Supp. 2006).