COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-149-CV

REAL PROPERTY AND ALL IMPROVEMENTS 

LOCATED AT 2900 COVE, WICHITA FALLS, 

WICHITA COUNTY, TEXAS, WITH A LEGAL 

DESCRIPTION OF LOT 19, BLOCK 2, 

SECTION 3, MIDWESTERN FARM EDITION, 

WICHITA COUNTY      APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 89
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this forfeiture proceeding, Gholamereza Vafaiyan is attempting to appeal the trial court’s order granting the State’s motion to sell Vafaiyan’s real property, house, and improvements (the Property).  The State has moved to dismiss the appeal for lack of jurisdiction.  We grant the State’s motion and dismiss the appeal.

On March 30, 2006, Vafaiyan was convicted of money laundering.  His appeal from that conviction is currently pending before this court.  In April 2006, the State seized the Property and filed the underlying forfeiture proceeding, alleging that the Property is contraband as defined by article 59.01 of the code of criminal procedure.
(footnote: 2)  In October 2006, the State filed a motion to sell the Property.  After a hearing on April 9, 2007, at which Vafaiyan and the State were both present,
(footnote: 3) the trial court issued an order granting the State’s motion.
(footnote: 4)  This appeal followed. 

Although forfeiture proceedings are governed by chapter 59 of the code of criminal procedure, they are civil in nature.
(footnote: 5)  A final judgment in a civil case is one that disposes of all parties and all issues in a lawsuit.
(footnote: 6)  A court of appeals has no appellate jurisdiction over a nonfinal, interlocutory order unless expressly authorized by statute.
(footnote: 7)
 In this case, the trial court’s order granting the State’s motion to sell the Property is not final because it does not dispose of all issues in the forfeiture proceeding.  Further, chapter 59 contains no provision authorizing an appeal from an interlocutory order granting a motion to sell seized property.
(footnote: 8)  Moreover, although Vafaiyan has responded to the State’s motion to dismiss, he does not direct us to any statute granting us jurisdiction over this appeal, and our research has revealed none.
(footnote: 9)  Accordingly, we grant the State’s motion to dismiss and dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  August 16, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 59.01(2) (Vernon 2006).

3:
Vafaiyan appeared pro se with S. Price Smith, an attorney, acting as his co-counsel. 

4:
See id.
 art. 59.02(e) (providing that, after notice to the property owner and a hearing, the trial court “may make appropriate orders to preserve and maintain the value of the property until a final disposition [of the forfeiture proceeding], including the sale of the property if that is the only method by which the value of the property may be preserved until final disposition”).

5:
Id.
 art. 59.05(a).

6:
Houston Health Clubs, Inc. v. First Court of Appeals,
 722 S.W.2d 692, 693 (Tex. 1986). 

7:
N.Y. Underwriters Ins. Co. v. Sanchez,
 799 S.W.2d 677, 679 (Tex. 1990).

8:
See
 
Tex. Code Crim. Proc. Ann.
 arts. 59.01–.14 (Vernon 2006).

9:
For example, the trial court’s order does not fall into any of the categories of appealable interlocutory orders listed in 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a) (Vernon Supp. 2006).