Dismissed and Memorandum Opinion filed December 31,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00719-CV

____________

 

PAUL HAMILTON AND MONEY MAN MORTGAGE, INC., Appellants

 

V.

 

ALICE CHILDS, Appellee

 



 

On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2008-03807

 



 

M E M O R
A N D U M  O P I N I O N

This is an attempted appeal from an order signed July 17,
2009.  The clerk’s record was filed on October 9, 2009.  

Background

            Appellee,
Alice Childs, entered into a contract with appellant, Paul Hamilton, and his
son, Clint Hamilton, to repair her roof.  A dispute ensured over the repair
work and appellee refused to pay for the repair.  In his original petition
filed in the trial court, appellant claimed appellee defamed him and his
business by alleging he was engaged in a “fraudulent roof repair scheme.” 
Appellee answered appellant’s suit and filed counterclaims against appellant
and his son for violations of the Texas Deceptive Trade Practices Act.  On
March 27, 2009, the trial court entered an interlocutory default judgment
against Clint Hamilton on appellee’s DTPA counterclaim.

            On
July 17, 2009, the trial court entered a partial summary judgment against
appellant on his libel and defamation claims.  The trial court specifically
noted, however, that the “matter remain on the Court’s trial docket for trial
on the issues of liability, damages and reasonable attorney’s fees on
[appellee’s] counterclaim as to Counter-Defendant Paul Hamilton and as to
damages and reasonable attorney’s fees alone on the Defendant’s counterclaim as
to Counter-Defendant Clint David Hamilton.”  

            On
August 14, 2009, appellant filed a notice of non-suit, stating he no longer
wished to pursue his claims against appellee.  On August 17, 2009, he filed a
notice of appeal of the trial court’s July 17, 2009 judgment.  

Discussion

On December 3, 2009, appellee filed a motion to dismiss the
appeal alleging the July 17, 2009 judgment is interlocutory.  Appellant filed
no response.  Generally, appeals may be taken only from final judgments.  Lehmann
v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory
orders may be appealed only if permitted by statute.  Bally Total Fitness
Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  

            A
final judgment is the judgment or order that disposes of all of the parties and
issues in the suit, including any counterclaims and cross-claims.  See
Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693
(Tex. 1986).  In this case, appellee’s counterclaim remained alive after the
partial summary judgment was granted.  Therefore, the partial summary judgment
did not dispose of all parties and issues in the suit and is interlocutory.  As
such, it is not an appealable order.  See Lehmann, 39 S.W.3d at 195.

Frivolous
Appeal Damages

            Appellee further asserts that she is entitled to damages for
a frivolous appeal pursuant to Texas Rule of Procedure 45.  If a court of
appeals determines that an appeal is frivolous, it may, after notice and a
reasonable opportunity for response, award just damages to the prevailing
parties. See Tex. R. App. P. 45.  Whether to grant sanctions is a matter
of discretion, which we exercise with prudence and caution, after careful
deliberation.  See Chapman v. Hootman, 999 S.W.2d 118, 124 (Tex. App.—Houston
[14th Dist.], 1999 no pet.).  In determining whether sanctions are appropriate,
we consider the record from appellant’s point of view at the time appeal was
perfected.  See id.  Among the factors to consider are whether appellant
had a reasonable expectation of reversal and whether he pursued the appeal in
bad faith.  See id.  In applying these factors, we decline to impose
sanctions under rule 45 as requested by appellee.  

            Accordingly, the appeal is ordered dismissed for want of
jurisdiction.

 

PER CURIAM

 

Panel consists of Justices
Yates, Seymore, and Brown.