Petition for Writ of Mandamus Denied and
Memorandum Opinion filed February 9, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-01058-CV



In Re John Drake, Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On December 21, 2009, relator, John Drake, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator asks this
Court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District
Court of Harris County, to set aside her September 16, 2009 order granting a
motion for new trial.  We deny the petition.

Background

            On
January 27, 2009, relator served real party in interest, Sandra Roach Godfrey,
with an original petition and citation.  After Godfrey failed to appear and
file an answer, relator moved for a default judgment.  On April 2, 2009, the
trial court signed the default judgment in favor of relator.  On April 17,
2009, Godfrey filed an unverified motion for new trial, asserting that (1) the
failure to file an answer was not intentional or the result of conscious
indifference, but rather the result of accident or mistake; (2) she has
meritorious defenses; and (3) the granting of a new trial would not result in
delay or prejudice to relator.

            On
June 22, 2009, Godfrey filed an unverified “affidavit” in support of her motion
for new trial.  On June 22, 2009, the trial court held a hearing on the motion
for new trial.  According to relator’s petition for writ of mandamus, the trial
court stated that it would grant a new trial when Godfrey resubmitted a
corrected affidavit.  

            On
September 16, 2009, the trial court signed the order granting Godfrey’s motion
for new trial.  On October 12, 2009, relator filed a motion to rescind the
September 16 order, asserting that the trial court did not have plenary power
to grant a new trial.  At the time relator filed his mandamus petition, the
trial court had not ruled on the motion to rescind.  

Standard of Review

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and relator has no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding).  When an order is void, the relator need not show
that he does not have an adequate remedy, and mandamus relief is appropriate.  In
re Sw. Bell. Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)
(per curiam). 

 

Analysis

            Relator
asserts that the trial court’s written order granting Godfrey’s motion for new
trial is void because (1) it was signed 167 days after the April 2, 2009
default judgment; and (2) an oral ruling on the motion for new trial at the
June 22, 2009 hearing was not effective.  See Faulkner v. Culver, 851
S.W.2d 187, 188 (Tex. 1993) (orig. proceeding) (per curiam) (“An order granting
a new trial or modifying, correcting, or reforming a judgment must be written
and signed.”); Tex. R. Civ. P. 329b(e) (if motion for new trial is overruled by
operation of law, trial court’s plenary power expires 105 days after signing of
judgment).  

            We
first must determine whether the April 2, 2009 default judgment is a final
judgment.  If the default judgment is interlocutory, then the trial court
“retains continuing control . . . and has the power to set [it] aside any time
before a final judgment is entered.”  Fruehauf Corp. v. Carrillo, 848
S.W.2d 83, 84 (Tex. 1993) (per curiam).  

            A
default judgment is not presumed to be final.  In re Burlington Coat Factory
Warehouse of McAllen, Inc., 167 S.W.3d 827, 829 (Tex. 2005) (orig.
proceeding); Houston Health Clubs, Inc. v. First Court of Appeals, 722
S.W.2d 692, 693 (Tex. 1986) (orig. proceeding) (per curiam).  When there has
not been a conventional trial on the merits, an order or judgment is not final
for purposes of appeal unless it (1) actually disposes of every pending claim and
party, or (2) clearly and unequivocally states that it finally disposes of all
claims and all parties.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205
(Tex. 2001).  “[A] default judgment that fails to dispose of all claims can be
final only if the ‘intent to finally dispose of the case’ is ‘unequivocally
expressed in the words of the order itself.’”  In re Burlington Coat Factory
Warehouse of McAllen, Inc., 167 S.W.3d at 830 (quoting Lehmann, 39
S.W.3d at 200); see also In re Lynd. Co., 195 S.W.3d 682, 685 (Tex.
2006) (orig. proceeding) (“A default judgment is deemed final if it expresses
an unequivocal intent to finally dispose of the case.”).  

            Relator
asserted claims in his original petition for negligence, negligence per se,
gross negligence, breach of fiduciary duty, violations of the Deceptive Trade
Practices Act, negligent misrepresentation, fraud, and breach of contract.  The
April 2, 2009 default judgment expressly disposes of only the breach of
contract claim:  “On the claim of Breach of Contract, the court finds in favor
of Plaintiff, John Drake, and against Defendant, Sandra Roach Godfrey, in the
amount of $100,000.00 (One Hundred Thousand and No/100 Dollars).”  The April 2,
2009 default judgment does not refer to relator’s other causes of action or his
requests for mental anguish damages, punitive damages, or treble damages; nor
does it contain any clear and unequivocal language demonstrating an intent to
render a final judgment.  Therefore, the April 2, 2009 default judgment is interlocutory. 
See Burlington Coat Factory Warehouse of McAllen Inc., 167 S.W.3d at 830
(default judgment was interlocutory because it awarded damages on negligence
claim, but did not dispose of  request for exemplary damages based on gross
negligence); Houston Health Clubs, Inc., 722 S.W.2d at 693 (default
judgment was interlocutory because it did not dispose of punitive damage issue).
 Because the April 2, 2009 default judgment is interlocutory, the trial court
retained jurisdiction to set aside the default judgment and grant a new trial. 
See Houston Health Clubs, 722 S.W.2d at 693–94; In re Bro Bro Props.,
Inc., 50 S.W.3d 528, 530 (Tex. App.—San Antonio 2000, orig. proceeding
[mand. denied]).  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

                                                                                    PER
CURIAM

 

Panel consists of Justices Frost, Boyce, and Sullivan.