

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00489-CV

Marcus Everette **HARPER**,
Appellant

v.

**TEXAS TECH HEALTH SCIENCE CENTER**,
Appellee

From the 251st Judicial District Court, Potter County, Texas
Trial Court No. 97,305-C
The Honorable Ana Estevez, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  September 23, 2015

DISMISSED FOR LACK OF JURISDICTION

This appeal was transferred to this court from the Court of Appeals for the Seventh District of Texas at Amarillo.  In the underlying cause, appellee Texas Tech Health Science Center filed a motion to dismiss pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code ("Code"), requesting the trial court to dismiss appellant's claims against it because appellant did not timely serve the appellee with an expert report.  The trial court granted the Center's motion, and appellant seeks to appeal the trial court's order.

Because the order appellant seeks to appeal does not dispose of all parties and causes of action and the trial court did not enter a severance order, the order is interlocutory and is not final and appealable. *See Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986); *Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Although a party may appeal an interlocutory order ***denying*** a motion to dismiss filed pursuant to section 74.351(b), *see* TEX. CIV. PRAC. & REM. CODE. § 51.014(a)(9), section 51.014(a) does not authorize an appeal of an interlocutory order ***granting*** a motion to dismiss filed pursuant to section 74.351(b).

Before this appeal was transferred, the Seventh Court of Appeals issued a letter questioning its jurisdiction over the appeal and requesting responses from the parties. In the response appellant filed in the Seventh Court of Appeals, appellant stated the trial court authorized the appeal under section 51.014(d) of the Code; however, the citation to the record set forth in appellant's response did not support this statement, and this court could not locate an order signed by the trial court authorizing appellant's appeal pursuant to section 51.014(d).[1] On August 27, 2015, this court issued an order requiring appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Pending before this court are appellant's Motion for Interlocutory Appeal to Proceed Docketing Statement filed on August 31, 2015, appellant's Addendum Motion for Interlocutory Appeal Docketing Statement filed on September 8, 2015, and appellant's Motion for Plea Jurisdiction filed on September 14, 2015.

---

[1] Section 51.014(d) provides, "On a party's own motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015).

In his Motion for Plea Jurisdiction, appellant refers to a letter from the Seventh Court of Appeals noting that both parties had responded to its letter questioning its jurisdiction. Appellant reads the letter as resolving the jurisdictional issue. The Seventh Court of Appeals, however, recused itself from any decisions before the jurisdictional issue was resolved. In the letter, the court was simply noting responses had been filed to its letter.

Appellant also refers to the following statement made by the trial court at the hearing on appellee's motion to dismiss: "And again, you are going to have the right to appeal these." Although the trial court's statement generally acknowledges appellant will have a right to appeal its ruling, the statement does not constitute an order signed by the trial court authorizing an interlocutory appeal pursuant to section 51.014(d). Accordingly, this appeal is prematurely filed, and the trial court's order will be appealable only after a final judgment is entered unless the trial court severs its order granting the appellee's motion to dismiss prior to the entry of a final judgment. Because we have no jurisdiction to consider appellant's appeal of the trial court's interlocutory order as of this date, this appeal is dismissed without prejudice to appellant: (1) obtaining a severance of the trial court's order and filing a notice of appeal in the severed cause; or (2) pursuing an appeal after a final judgment is entered.

PER CURIAM