**Affirmed and Majority and Dissenting Opinions filed October 10, 2019.**



**In the**

# Fourteenth Court of Appeals

---

### NO. 14-18-00060-CV

---

### CHRISTOPHER DURHAM, Appellant

**v.**

### BARBARA ACCARDI AND JULES ACCARDI, Appellees

---

**On Appeal from the 261st District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-006778**

---

### DISSENTING OPINION

When a defendant does not move for summary judgment on all claims alleged in the plaintiff's live pleadings and the trial court does not grant more relief than requested, can the appellate court fashion a final, appealable judgment from an otherwise interlocutory order by applying a legal argument concerning a claim for which the defendant *did* move for summary judgment to a claim for which the defendant *did not* move for summary judgment? In simpler terms, can the appellate court give more summary-judgment relief than was requested, and in so doing, create

a final, appealable judgment that confers jurisdiction?[1] I believe the answer is "No." *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

I do not know why the Accardis moved for summary judgment on negligence and gross negligence, but not on negligence per se. This court could abate the appeal and let the trial court figure it out.[2] Perhaps there was a reason to omit negligence per se from the motion for summary judgment. Perhaps not. And it is true that the parties do not question this court's jurisdiction. But that is also irrelevant—it is always the court's duty to determine its jurisdiction to act, a concept in the bones of the American judicial system since *Marbury v. Madison*, 5 U.S. 137 (1803).

I respectfully dissent.

Appellant Christopher Durham's live pleadings consist of his July 31, 2014 plaintiff's third amended petition. Defendants are Austin Budget Signs, Inc.; Barbara Accardi; Jules Accardi; STN La Fuente Restaurant, LLC; The City of Austin; and The City of Austin d/b/a Austin Energy. Durham pleads causes of action for (1) negligence and gross negligence and (2) negligence per se, requests punitive damages, and asks that the corporate veil of Austin Budget Signs be pierced.

La Fuente moved for summary judgment "as to all of Plaintiff Christopher Durham's claims against La Fuente," and the district court on September 5, 2014 rendered an unambiguous traditional summary judgment: "All claims which were or could have been asserted by Plaintiff Christopher Durham against Defendant STN La Fuente Restaurant, LLC are hereby dismissed, in their entirety, with prejudice to

---

[1] There is no presumption of finality that applies to summary judgments. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986) (per curiam). If a summary judgment does not dispose of all parties and claims, then it is interlocutory and not appealable. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995).

[2] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

the re-filing of same." La Fuente then moved to sever. The district court signed an unambiguous severed final judgment containing *Lehmann Har-Con*[3] more-than-Mother Hubbard[4] language on November 5, 2014:

> **IT IS THEREFORE ORDERED** that the claims asserted by Plaintiff Christopher Durham against Defendant La Fuente in Cause No. D-1-GN-13-001239 . . . are hereby **SEVERED** from Plaintiff's claims against Defendants Austin Budget Signs, Inc., Barbara Accardi and Jules Accardi, City of Austin, and The City of Austin d/b/a Austin Energy, which claims remain pending under cause number D-1-GN-13-001239 (hereby collectively the *"Original Durham case"*).
>
> . . .
>
> **IT IS FURTHER ORDERED** that Defendant La Fuente shall pay all filing fees associated with this severance.
>
> Moreover, in light of the Court's order granting Defendant La Fuente's Motion for Traditional Summary Judgment, the Court finds that all claims, causes of action, and issues between Plaintiff Christopher Durham and Defendant La Fuente have been resolved such that judgment should be rendered in favor of Defendant La Fuente.
>
> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff Christopher Durham **TAKE NOTHING** from Defendant La Fuente.
>
> This is a final judgment that disposes of all claims and causes of action between Plaintiff Christopher Durham and Defendant STN La Fuente Restaurant, LLC, which claims have been severed from the *Original Durham case.* All relief not expressly granted is denied. This final judgment is immediately appealable.

The City of Austin and Austin Energy moved for summary judgment, and the district court on August 21, 2016 rendered an unambiguous summary judgment: "THEREFORE, the Motion for Summary Judgment filed by Defendants City of

---

[3] *See id.*

[4] A Mother Hubbard clause generally recites that all relief not expressly granted is denied. *See N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 898 (Tex. 1966).

Austin and Austin Energy is GRANTED. Accordingly, the Court hereby dismisses all of Plaintiff's claims against Defendants City of Austin and Austin Energy with prejudice. All relief not herein granted is expressly denied." The City of Austin and Austin Energy then moved to sever. The clerk's record does not contain a severance order for the City of Austin and Austin Energy.

On August 31, 2016, appellees Barbara Accardi and Jules Accardi again moved for summary judgment,[5] and the district court on October 20, 2016 rendered an unambiguous summary judgment:

> It is therefore
>
> **ORDERED, ADJUDGED AND DECREED** that Barbara Accardi's and Jules Accardi's Traditional and No-Evidence Summary Judgment is hereby **GRANTED.**
>
> **IT IS THEREFORE ORDERED** that Plaintiff take and recover nothing on all claims and causes of action asserted against defendants Barbara Accardi[] and Jules Accardi.[6]

On October 28, 2016, Durham filed a motion to reconsider this summary-judgment ruling.

Rather than simply denying the motion for reconsideration, on June 7, 2017, the district court signed the following order granting summary judgment that did not explicitly dispose of all claims against the Accardis:

> **ORDER** *Granting* ~~DENYING PLAINTIFF'S MOTION TO RECONSIDER RULING ON~~ **DEFENDANTS' TRADITIONAL**

---

[5] The Accardis originally moved for summary judgment on February 13, 2014. The district court heard La Fuente's and the Accardis' motions for summary judgment on July 23, 2014. In a July 28, 2014 letter, the district court stated it would grant La Fuente's motion and deny the Arcardis' motion.

[6] The last paragraph of the summary judgment granted more relief than requested because the Accardis did not expressly move for summary judgment on Durham's negligence-per-se claims. That is error, but if it had been severed, this summary judgment could have become final and appealable. *See G & H Towing Co. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011) (per curiam).

**AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT**
**~~EVIDENCE~~**

ON THIS DAY the Court, having considered ~~Plaintiff Christopher Durham's Motion to Reconsider Ruling on~~ Defendants Barbara Accardi and Jules Accardi's Traditional and No-Evidence Motion for Summary Judgment ~~Evidence, the response of the Accardi defendants~~, the evidence, the arguments of counsel, and applicable law, finds that the motion to ~~reconsider lacks merit and~~ should in all things be ~~DENIED~~ *granted.* It is therefore

ORDERED that ~~Plaintiff Christopher Durham's Motion to Reconsider Ruling on~~ Defendants Barbara Accardi and Jules Accardi's Traditional and No-Evidence Motion for Summary Judgment Evidence is ~~DENIED~~ *granted.*

SIGNED on ~~April~~ *June* ~~7~~, 2017.

While the October 20, 2016 summary judgment unambiguously "**ORDERED** that Plaintiff take and recover nothing on all claims and causes of action asserted against defendants Barbara Accardi[] and Jules Accardi," the subsequent June 7, 2017 summary judgment merely granted Barbara Accardi's and Jules Accardi's traditional and no-evidence motion for summary judgment without explicitly stating that Durham take nothing, forcing a review of Barbara Accardi's and Jules Accardi's August 31, 2016 "Traditional and No-Evidence Motion for Partial Summary Judgment." The motion claims to negate Durham's (1) alter-ego theory, (2) other corporate-veil theory of individual liability, (3) claims of negligence because he was an at-will employee of Austin Budget Signs, Inc., and (4) claims of negligence, gross negligence, or exemplary damages because Durham has no evidence that the Accardis individually owed a duty, breached any duty, or proximately caused injuries. The Accardis in their motion for summary judgment do not expressly seek summary judgment on Durham's negligence-per-se claims. *See* Tex. R. Civ. P. 166a(c), (i); *Clear Creek Basin Auth.*, 589 S.W.2d at 671.

On July 17, 2017, Durham moved to sever his "distinct claims of alter ego

against Defendants Barbara Accardi and Jules Accardi." Durham stated in his motion that "the facts of the Plaintiff's severed alter ego claim are different from the facts of Plaintiff's claim for negligence." Durham requested: "In sum, the Court should grant Plaintiff's motion and sever his claim of alter ego against Defendants Barbara Accardi and Jules Accardi."

The district court signed the following order:

## ORDER

The Court, having considered Plaintiff's Motion to Sever and all responsive briefing, applicable law, and/or the arguments of counsel, *Mr. Christiansen for Plaintiff and Mr. Carlson for Defendants,* finds the motion to be meritorious *and there being no objection,* ~~and~~ *it* should in all things be **GRANTED**. It is therefore

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Sever is hereby is **GRANTED**, in all respects, *so that Plaintiff's claims against Barbara and Jules Accardi, individually, are severed so that the summary judgment on their behalf may become final. The sole remaining defendant in this cause is Austin Budget Signs, Inc.*

SIGNED this <u>14th </u>day of <u>December</u>, 2017.

Although this order does not comply with *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001), the appellant, the appellees, and the court consider this to be a judgment that on its four corners disposes of all parties and all claims and is therefore a final and appealable judgment. Perhaps the court believes that the severance order cures the problems created by the June 7, 2017 summary judgment, but the phrase "so that the summary judgment . . . may become final" is not sufficient language that creates a final judgment when one did not already exist. The fact that both the appellant and the appellees think the December 14, 2017 severance order creates a final, appealable judgment does not matter. Lack of subject-matter

6

jurisdiction cannot be agreed or waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). It is fundamental error.

The district court rendered summary judgment clearly disposing of all claims against La Fuente and severed those claims into a final and appealable judgment using proper *Lehmann Har-Con* more-than-Mother Hubbard language. The district court separately rendered summary judgment clearly disposing of all claims against the Accardis, but replaced that clarity with a new summary-judgment order that merely granted the summary-judgment motion, a motion which does not expressly request that summary judgment be rendered on the negligence-per-se claims.[7] This summary judgment for the Accardis was severed without appropriate *Lehmann Har-Con* more-than-Mother Hubbard language. The district court knew how to do it correctly, but it instead made a mess.

There is no final judgment. We do not have subject-matter jurisdiction. While it might be perceived as efficient to bring this dispute to an end, doing so is fundamental error.

I respectfully dissent.



/s/     Charles A. Spain
         Justice



Panel consists of Justices Wise, Zimmerer, and Spain. (Spain, J., dissenting.)

---

[7] The issue is not whether the arguments for rendition of summary judgment on negligence claims could be applied to negligence-per-se claims. The issue is whether the Accardis requested summary judgment on Durham's negligence-per-se claims and complied with rule 166a(c) and (i).