**Angel M. VACCA, Appellant,**

v.

**Zelda GLASS, et al., Appellees.**

No. 06–04–00098–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 9, 2004.

Decided Sept. 10, 2004.

Opinion Overruling Rehearing
Oct. 7, 2004.

Rehearing Overruled Nov. 10, 2004.

Angel M. Vacca, Hondo, pro se.

Julia Hamill Murray, Asst. Atty. Gen., Austin, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice ROSS.

Angel M. Vacca, an inmate currently residing in the Barry Telford Unit in New Boston, Texas, sued several prison guards and administrators for causing Vacca to be

disciplined for an infraction he contends was contrived against him in retaliation for his initiating a federal lawsuit. Vacca's amended petition named Zelda Glass, Ronald Farrington, and Jonathan R. Rayburn as defendants. The trial court dismissed Vacca's lawsuit after finding Vacca's petition had failed to satisfy the requirements set forth in Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon 2002) (inmate who proceeds *in forma pauperis* must file with petition (a) affidavit listing all other lawsuits previously brought, except those under Texas Family Code, and (b) certified copy of inmate's trust account). It is from that dismissal which Vacca now appeals.

As a general rule, Texas appellate courts have jurisdiction only over final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). A judgment is final for purposes of appellate jurisdiction if it disposes of all issues and parties in a case and no further action is required to determine the controversy. *Mafrige v. Ross*, 866 S.W.2d 590, 591–92 (Tex.1993); *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986); *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). A judgment that fails to dispose of all issues and all parties before the trial court is neither final nor, with certain exceptions, appealable. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex.1995).

In the case now on appeal, the trial court's judgment of dismissal states "that all claims against Defendants Zelda Glass, Mendell Glass and Ronald Farrington are **DISMISSED as frivolous.**" The trial court's judgment does not dispose of Vacca's claims against Jonathan R. Rayburn, and it contains no "Mother Hubbard" clause. Thus, it is not a final, appealable judgment. *Cf. id.*

None of the exceptions to the general requirement that a judgment be final before it may be appealed apply to Vacca's appeal. Accordingly, we dismiss Vacca's appeal for want of jurisdiction.

## OPINION ON REHEARING

In his motion for rehearing, Angel M. Vacca directs our attention to the Texas Supreme Court's recent opinion in *M.O. Dental Lab v. Rape*, 139 S.W.3d 671 (Tex. 2004). In that case, the trial court granted summary judgment to all but one of the defendants, Charlie Smith, who had not been served. *Id.* at 674. The plaintiff, however, had stated in her original petition "the location for service of Defendant Charlie Smith is unknown at this time, so no citation is requested." *Id.* Based on this language, the Texas Supreme Court agreed that the record supported the conclusion that the plaintiff had not intended to pursue her claims against Smith. Therefore, the court agreed with the parties that the trial court's order granting summary judgment was final for purposes of appeal. *Id.* at 674–75.

In the case now before this Court, Vacca did not state in his original petition that Jonathan R. Rayburn's whereabouts were unknown or that service was unnecessary. Nor does the official record from the trial court suggest Vacca does not, at some later point, intend to pursue his claims against Rayburn. Accordingly, we find the facts and posture of this case to be distinguishable from the situation presented in *M.O. Dental Lab*. Accordingly, we hold the trial court's judgment is not final, and we are without jurisdiction to consider the merits of Vacca's appeal.

We overrule the motion for rehearing.