COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

IN THE ESTATE OF RODOLFO      §
MORALES, DECEASED

§

§

§

No. 08-10-00166-CV

Appeal from the

Probate Court No. 1

of El Paso County, Texas

(TC# 2009-P00817)

**O P I N I O N**

Maria M. Morales appeals from an order denying her application to be declared an heir in the estate of decedent, Rodolfo Morales. Because the order denying Ms. Morales' application is interlocutory, and no basis for this interlocutory appeal is asserted by the parties, we must dismiss the appeal for lack of subject-matter jurisdiction without regard to the merits of the arguments and issues raised by the parties.

Rodolfo Morales died intestate on May 24, 2009. On August 11, 2009, Ms. Maria Morales filed an Application for Declaration of Heirship, alleging that she was Mr. Morales' widow, and that there was a need for an administration of the estate. Gilbert Morales, Mr. Morales' son, on his own behalf and on behalf of his surviving siblings, answered Ms. Morales' application claiming that Ms. Morales had no interest in the estate because she was divorced from the decedent on June 30, 1988. Gilbert Morales also petitioned the court for a declaration of heirship with regard to himself and his siblings, requested that the probate court declare the children heirs to Mr. Morales' estate, and included an application for temporary

administration of the estate.

In addition to his challenge to Ms. Morales' application to be declared an heir, Gilbert Morales asserted counter-claims for affirmative relief from Ms. Morales related to her alleged sale of real property belonging to the estate. Gilbert Morales sued Ms. Morales for fraud, alleging that she made material false representations regarding her marriage to Mr. Morales, and that those representations caused injury to Gilbert Morales and his siblings when Ms. Morales entered into a contract to sell property owned by the estate. Gilbert Morales alleged that Ms. Morales received over $30,000, approximately 50% of the proceeds of the sale as her "community interest." Gilbert Morales also asserted a claim for tortious interference with inheritance rights, alleging that Ms. Morales was liable for interfering with the children's inheritance of their father's estate, and asked the court to order Ms. Morales to turn over the proceed of the sale, or for the court to award actual and punitive damages for Ms. Morales' actions.

The probate court heard arguments on the issue of Ms. Morales' application for declaration of heirship on April 21, 2010. Although the parties recognized Gilbert Morales' pending claims, the hearing was expressly limited to the issue of Ms. Morales' claimed justiciable interest in the estate, and her application for declaration, due to the issue's potential impact on the remainder of the case. As Ms. Morales' counsel stated; "[y]our honor, we're here to determine whether or not Maria Morales is the lawful widow of Rodolfo Morales. That is the only issue before this Court today."

At the close of argument, on the record, the probate court ruled that Ms. Morales was legally divorced from Mr. Morales in 1988, that she subsequently filed a petition to enforce the

terms of the decree, that an agreed order was entered awarding her the community assets she sought through her petition to enforce. After the judge announced her ruling, counsel for Gilbert Morales indicated an intent to proceed with the siblings's heirship application, and expressly stated that they did not intend to waive their other causes of action. In response, Ms. Morales' attorney also recognized the pending motions and petitions and indicated that a "final hearing" was not immediately possible. In the last lines of the transcript, the judge indicated an intent to set the case for further hearing, and to revisit the heirship issue on a future date.

On June 7, 2010, the probate court entered the following written order:

On April 12, 2010 this Court heard the Application of Maria M. Morales for Declaration of Heirship in the Estate of Rodolfo Morales, (herinafter Decedent).

**Findings**:

The Court after hearing the evidence and argument of counsel, makes the following findings:
That Maria M. Morales and Rodolfo Morales, (Decedent), were legally divorced on June 30, 1988. Therefore at the time of Rodolfo Morales' death he was not married to Maria M. Morales.

**Court Orders:**

IT IS THE ORDER of this Court that the Applicant, Maria M. Morales. is not the lawful widow of Decedent, Rodolfo Morales.
IT IS FURTHER ORDERED that Maria M. Morales is not an individual with an interest in the estate of Rodolfo Morales.
IT IS ORDERED that the application of Maria M. Morales to Declare Heirship filed in this case is denied.

Ms. Morales appealed this order to this Court on June 14, 2010. There is no record that any subsequent orders or judgments have been filed in the case.

Before we address Ms. Morales' appellate arguments, we must determine our own

subject-matter jurisdiction over this appeal. *See Juarez v. Tex Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex.App.--El Paso 2005, no pet.)("We must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte.*"). Subject-matter jurisdiction is a legal issue which is reviewed *de novo*. *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-- El Paso 2000, pet. dism'd w.o.j.). With limited exceptions not at issue in this case, appellate courts only have jurisdiction over final judgments. *See County of El Paso v. Zapata*, 338 S.W.3d 78, 82 (Tex.App.--El Paso 2011, no pet.). A judgment is final and appealable when it disposes of all parties and claims pending before the court, and whether or not a particular judgment does so will be determined on a case by case basis. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

For the majority of judgments there is no particular form or language required to demonstrate finality. *Lehmann*, 39 S.W.3d at 195. However, according to Sections 54 and 55 of the Texas Probate Code, a final and appealable judgment in an heirship proceeding must; "declare[s] the names and places of residence of the heirs of the decedent, and their respective shares and interests in the real and personal property of such decedent." TEX.PROB.CODE ANN. §§ 54, 55 (West 2003); *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)("If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls.").

Base on our review of the record as discussed above, the status of several potential heirs was at issue in this proceeding, independent of Ms. Morales' application. In addition, the Morales children asserted counter-claims for fraud, and tortious interference, and alleged the case warranted both actual and punitive damages based on Ms. Morales' alleged actions. The order

from which Ms. Morales has appealed, does not include the findings required by the Texas Probate Code, nor does it dispose of the counter-claims raised by the contestants. *See* TEX.PROB.CODE ANN. §§ 54, 55. As such, the order was not final and appealable, and this Court lacks subject-matter jurisdiction over the appeal. *See Crowson*, 897 S.W.2d at 783. Accordingly, without regard to the merits of the parties' arguments, the appeal will be dismissed for lack of jurisdiction. *See* TEX.R.APP.P. 43.2(f); *Juarez*, 172 S.W.3d at 281.

Having concluded that the trial court's order was not final and appealable, we dismiss this appeal for lack of subject-matter jurisdiction.


July 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J.(Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)