COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| TAVARE CASTILLO, | | |
| | § | No. 08-10-00281-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | | |
| | § | 112th Judicial District Court |
| MS. AGUILAR, LINDA D. CARRANZA, FT. STOCKTON UNIT AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE, IN THEIR INDIVIDUAL AND/OR OFFICIAL CAPACITIES, | § | of Pecos County, Texas |
| | § | (TC# P-11174-112-CV) |
| Appellees. | | |

**O P I N I O N**

Tavare Castillo attempts to appeal from an order of dismissal. Because the order is not a final judgment, we dismiss the appeal for lack of jurisdiction.

**Procedural Background**

Castillo was incarcerated by the Texas Department of Criminal Justice (TDCJ) when he filed this suit. His original petition alleges that he was found guilty of a disciplinary infraction. As part of his punishment, he was denied access to some of his personal property for ten days. During that ten-day period, he was transferred to another prison. Although he had been advised by the property officer supervisor that his property would follow him to the other prison when the ten-day period expired, the property was never returned to him. Castillo filed a grievance regarding the missing property, and prison officials concluded that it had been lost or destroyed. Castillo was offered a cash settlement of $25, but he refused, claiming that the property included

family pictures, legal materials, and songs he had written, which valued in the thousands of dollars.

On Castillo's original petition, the style of the case appears as follows: "TAVARE CASTILLO Plaintiff, v. AGUILAR, MS.; CARRANZA, LINDA, D.; FT. STOCKTON UNIT AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE, In Thier [sic] Individual And/or Official Capacity Defendant(s)." Under the heading "PARTIES," Castillo listed himself first. Then, in three separate paragraphs, he listed: "Ms. _____ Aguilar," followed by her title and address; "Ms Linda Carranza," followed by her title and address; and "The Ft. Stockton Unit and TDCJ," which, the petition said, "may be contacted at the same addresses expressed . . . above."

The district clerk issued three citations for service of process. One was directed to:

MS. AGUILAR
FORT STOCKTON UNIT
PROPERTY OFFICER SUPERVISOR.

Another was directed to:

MS. LINDA CARRANZA
FORT STOCKTON UNIT
WARDEN.

Both of these citations are accompanied by returns, signed by a deputy, showing that process was served on the individuals. The remaining citation was directed to:

FORT STOCKTON UNIT and TDCJ
MS. LINDA CARRANZA, WARDEN

This citation is accompanied by a return showing that process was delivered to Warden Linda Carranza, but the return is not signed or verified.

Aguilar and Carranza filed a joint answer. Thereafter, on June 7, 2010, Castillo filed a motion for entry of default against "Defendant(s) Fort Stockton and TDCJ." He asserted that this

2

"Defendant(s)" had been served, but had failed to answer.

On June 10, 2010, Aguilar and Carranza filed a joint motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. Among other things, they argued that Castillo had not sued the correct defendant because he only sued "Defendants in their individual and official capacities and failed to sue TDCJ."

On June 11, 2010, the trial court signed an order denying the motion for default judgment. The order states that the motion was without merit because "all defendants have filed answers."

On June 22, 2010, the trial court signed an order on the motion to dismiss. This order states that the court "considered **Defendants' Lyn Aguilar and Linda Carranza [sic] Chapter Fourteen of the Texas Civil Practice and Remedies Code Motion to Dismiss**," and was "of the opinion that the following order should issue:"

> It is hereby ORDERED that Defendants' Motion to Dismiss is GRANTED. Plaintiff's causes of action is [sic] hereby **DISMISSED WITH PREJUDICE** as to all claims for failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code.
>
> All other relief not hereby granted is otherwise DENIED.

Castillo filed a motion for new trial, contending that he did not receive notice of the motion to dismiss. In support of this contention, he submitted a letter addressed to him from a legal assistant at the Attorney General's office, dated June 22, 2010--the date the dismissal order was signed. The letter states that a copy of the motion to dismiss was enclosed and that the copy was originally mailed to him on June 8, but the mail was returned because it contained the wrong TDCJ number for Castillo. The legal assistant apologized "for any inconvenience this may have caused."

3

The motion for new trial also complained about the denial of the motion for default judgment. Castillo pointed out that his petition listed the Fort Stockton Unit/TDCJ as a defendant, yet this defendant had not answered. The trial court did not enter a written ruling on the motion for new trial.

## Discussion

On appeal, Castillo contends that the trial court abused its discretion and denied him due process by allowing the motion for new trial to be overruled by operation of law and by failing to have a hearing on the motion. Aguilar and Carranza argue that the court did not err.

Although not raised by any party, we have an obligation to ensure that we have jurisdiction before proceeding to the merits of the appeal. *See In re Estate of Morales*, 345 S.W.3d 781, 783 (Tex.App.--El Paso 2011, no pet.). As a general rule, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if it disposes of all pending parties and claims. *Id.* Consequently, an order that dismisses some, but not all, defendants under Chapter 14 of the Civil Practice and Remedies Code is interlocutory and cannot be appealed until a final judgment is entered. *See Hickman-Bey v. Tex. Dep't of Criminal Justice-CID*, No. 07-09-0068-CV, 2009 WL 2176476, at *2 (Tex.App.--Amarillo July 22, 2009, no pet.)(mem. op.).

Whether an order amounts to a final judgment "must be determined from its language and the record in the case." *Lehmann*, 39 S.W.3d at 195. "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. The language of an order can make it

4

final, even if the record does not provide an adequate basis for rendition of a final judgment, if the intent to make a final disposition is unequivocally expressed in the words of the order. *Id.* at 200.

"[A] judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an answer, and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party." *Garcia v. State Farm Lloyds,* 287 S.W.3d 809, 812 (Tex.App.--Corpus Christi 2009, pet. denied). *citing Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004)(applying this rule to find a judgment final where plaintiff's petition stated that the unserved defendant's address was unknown and no citation was requested). Unless the record suggests that the plaintiff has no intention of pursuing the claims against the unserved defendant, that defendant remains a party to the case for purposes of determining the finality of an order. *See Vacca v. Glass*, 148 S.W.3d 207, 208 (Tex.App.--Texarkana 2004, pet. denied)(op. on reh'g).

There are three defendants in this case. The style on the original petition is not a model of clarity, but the use of semicolons to separate Aguilar and Carranza from each other and from "Ft. Stockton Unit and Texas Department of Criminal Justice" suggests that there are at least three defendants. The body of the petition removes any doubt by listing the three defendants separately.[1] The district clerk understood that there are three defendants, and thus issued three citations.

The record does not conclusively establish that TDCJ was served with process, but it makes very clear that Castillo intended to serve TDCJ--and actually believed he had done so. He

---

[1] We consider the Fort Stockton Unit and TDCJ to be one defendant.

even filed a motion for default judgment against TDCJ. Because there is nothing to suggest that Castillo did not intend to pursue his claims against TDCJ, it is a party to the case for purposes of finality.

Although there are three defendants, only two of them moved for dismissal. By granting the motion to dismiss, the trial court only disposed of the claims against the two moving defendants. The June 22 order also states, "Plaintiff's causes of action is [sic] hereby **DISMISSED WITH PREJUDICE** as to all claims for failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code." Because the record demonstrates that neither the trial court nor Aguilar and Carranza realized that TDCJ is a party, this language does not unequivocally indicate an intent to dispose of Castillo's claims against TDCJ. Finally, the order states, "All other relief not hereby granted is otherwise DENIED." This language no longer denotes a final judgment. *See Lehmann*, 39 S.W.3d at 203-04.

This case is similar to *Fuller v. Moya*, No. 10-09-00294-CV, 2009 WL 4852425 (Tex.App.--Waco Dec. 16, 2009, no pet.)(mem. op.). In that case, the plaintiff sued TDCJ and several of its employees. *See* 2009 WL 4852425, at *1. Two of the employees filed a motion to dismiss. The trial court granted the motion "and dismissed [Plaintiff's] 'cause of action' as frivolous 'with prejudice as to all claims.'" *Id.* (quoting the trial court's order). After this order was entered, other defendants were served and the plaintiff continued to litigate his claims against them. *Fuller*, 2009 WL 4852425, at *1 Despite the seemingly conclusive language in the order, the appellate court held that it was not a final judgment. *See id.*

### Conclusion

The June 22, 2010 order is not a final judgment. Accordingly, this appeal is dismissed for

6

lack of jurisdiction.


February 29, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.