COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 


 
 
  
 TAVARE CASTILLO,
  
                             Appellant,
  
 v.
  
 MS. AGUILAR, LINDA D. CARRANZA,
 FT. STOCKTON UNIT AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE, IN THEIR
 INDIVIDUAL AND/OR OFFICIAL CAPACITIES,  
  
                             Appellees. 
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
  
  
 
 
  
  
 No.
 08-10-00281-CV
  
 Appeal
 from the
  
 112th
 Judicial District Court
  
 of
 Pecos County, Texas 
                                     
 (TC#
 P-11174-112-CV) 
 
 


 

O P I N I O N

            Tavare Castillo attempts to appeal
from an order of dismissal.  Because the
order is not a final judgment, we dismiss the appeal for lack of jurisdiction.

Procedural
Background

            Castillo was incarcerated by the
Texas Department of Criminal Justice (TDCJ) when he filed this suit.  His original petition alleges that he was
found guilty of a disciplinary infraction. 
As part of his punishment, he was denied access to some of his personal
property for ten days.  During that
ten-day period, he was transferred to another prison.  Although he had been advised by the property
officer supervisor that his property would follow him to the other prison when
the ten-day period expired, the property was never returned to him.  Castillo filed a grievance regarding the
missing property, and prison officials concluded that it had been lost or
destroyed.  Castillo was offered a cash
settlement of $25, but he refused, claiming that the property included family
pictures, legal materials, and songs he had written, which valued in the
thousands of dollars.

On Castillo’s original petition, the style of the case appears as
follows:  “TAVARE CASTILLO Plaintiff, v.
AGUILAR, MS.; CARRANZA, LINDA, D.; FT. STOCKTON UNIT AND TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, In Thier [sic] Individual And/or Official Capacity
Defendant(s).”  Under the heading
“PARTIES,” Castillo listed himself first. 
Then, in three separate paragraphs, he listed:  “Ms. ________ Aguilar,” followed by her title
and address; “Ms Linda Carranza,” followed by her title and address; and “The
Ft. Stockton Unit and TDCJ,” which, the petition said, “may be contacted at the
same addresses expressed . . . above.”

The district clerk issued three citations for service of process.  One was directed to:

MS. AGUILAR

FORT STOCKTON UNIT

PROPERTY OFFICER SUPERVISOR.  

 

Another was directed to:

MS. LINDA CARRANZA

FORT STOCKTON UNIT

WARDEN.

 

Both of
these citations are accompanied by returns, signed by a deputy, showing that
process was served on the individuals.  The
remaining citation was directed to:

FORT STOCKTON UNIT and TDCJ

MS. LINDA CARRANZA, WARDEN   

 

This
citation is accompanied by a return showing that process was delivered to Warden
Linda Carranza, but the return is not signed or verified.

            Aguilar and Carranza filed a joint
answer.  Thereafter, on June 7, 2010,
Castillo filed a motion for entry of default against “Defendant(s) Fort
Stockton and TDCJ.”  He asserted that
this “Defendant(s)” had been served, but had failed to answer.

On June 10, 2010, Aguilar and Carranza filed a joint motion to dismiss
pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.  Among other things, they argued that Castillo
had not sued the correct defendant because he only sued “Defendants in their
individual and official capacities and failed to sue TDCJ.”

On June 11, 2010, the trial court signed an order denying the motion for
default judgment.  The order states that
the motion was without merit because “all defendants have filed answers.”

On June 22, 2010, the trial court signed an order on the motion to
dismiss.  This order states that the
court “considered Defendants’ Lyn
Aguilar and Linda Carranza [sic] Chapter Fourteen of the Texas Civil Practice
and Remedies Code Motion to Dismiss,” and was “of the opinion that the
following order should issue:”

It is hereby ORDERED that
Defendants’ Motion to Dismiss is GRANTED. 
Plaintiff’s causes of action is [sic] hereby DISMISSED WITH PREJUDICE as to all claims for failure to comply
with Chapter 14 of the Texas Civil Practices and Remedies Code.

 

All other relief not hereby granted
is otherwise DENIED.

 

            Castillo filed a motion for new
trial, contending that he did not receive notice of the motion to dismiss.  In support of this contention, he submitted a
letter addressed to him from a legal assistant at the Attorney General’s
office, dated June 22, 2010--the date the dismissal order was signed.  The letter states that a copy of the motion
to dismiss was enclosed and that the copy was originally mailed to him on June
8, but the mail was returned because it contained the wrong TDCJ number for
Castillo.  The legal assistant apologized
“for any inconvenience this may have caused.”

The motion for new trial also complained about the denial of the motion
for default judgment.  Castillo pointed
out that his petition listed the Fort Stockton Unit/TDCJ as a defendant, yet
this defendant had not answered.  The trial
court did not enter a written ruling on the motion for new trial.

Discussion

            On appeal, Castillo contends that
the trial court abused its discretion and denied him due process by allowing
the motion for new trial to be overruled by operation of law and by failing to
have a hearing on the motion.  Aguilar
and Carranza argue that the court did not err.

            Although not raised by any party, we
have an obligation to ensure that we have jurisdiction before proceeding to the
merits of the appeal.  See In re
Estate of Morales, 345 S.W.3d 781, 783 (Tex.App.--El Paso 2011, no
pet.).  As
a general rule, an appeal may be taken only from a final judgment.  See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  A judgment is final if it disposes of all
pending parties and claims.  Id. 
Consequently, an order that dismisses some, but not all, defendants
under Chapter 14 of the Civil Practice and Remedies Code is interlocutory and
cannot be appealed until a final judgment is entered.  See
Hickman-Bey v. Tex. Dep’t of Criminal Justice-CID, No. 07-09-0068-CV, 2009 WL 2176476, at *2 (Tex.App.--Amarillo July 22, 2009, no
pet.)(mem. op.).

Whether an order amounts to a final
judgment “must be determined from its language and the record in the
case.”  Lehmann, 39 S.W.3d at 195.  “[W]hen there has not been a conventional
trial on the merits, an order or judgment is not final for purposes of appeal
unless it actually disposes of every pending claim and party or unless it
clearly and unequivocally states that it finally disposes of all claims and all
parties.”  Id. at 205.  The language of
an order can make it final,
even if the record does not provide an adequate basis for rendition of a final
judgment, if the intent to make a final disposition is unequivocally expressed
in the words of the order.  Id. at 200.

            “[A]
judgment may be final, even though it does not dispose of all parties named in
the petition, if the remaining party was never served with citation and did not
file an answer, and nothing in the record indicates that the plaintiff ever expected
to obtain service upon the remaining party.” 
Garcia v. State Farm
Lloyds, 287 S.W.3d 809, 812 (Tex.App.--Corpus Christi 2009, pet. denied). citing Youngstown Sheet & Tube
Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962); see also M.O. Dental Lab v. Rape, 139 S.W.3d 671, 674-75 (Tex.
2004)(applying this rule to find a judgment final where plaintiff’s petition
stated that the unserved defendant’s address was unknown and no citation was
requested).  Unless the record suggests
that the plaintiff has no intention of pursuing the claims against the unserved
defendant, that defendant remains a party to the case for purposes of
determining the finality of an order.  See Vacca v. Glass, 148 S.W.3d 207, 208
(Tex.App.--Texarkana 2004, pet. denied)(op. on reh’g).

            There are
three defendants in this case.  The style
on the original petition is not a model of clarity, but the use of semicolons
to separate Aguilar and Carranza from each other and from “Ft. Stockton Unit
and Texas Department of Criminal Justice” suggests that there are at least
three defendants.  The body of the
petition removes any doubt by listing the three defendants separately.[1]  The district clerk understood that there are
three defendants, and thus issued three citations.

The record does not conclusively
establish that TDCJ was served with process, but it makes very clear that
Castillo intended to serve TDCJ--and actually believed he had done so.  He even filed a motion for default judgment
against TDCJ.  Because there is nothing to
suggest that Castillo did not intend to pursue his claims against TDCJ, it is a
party to the case for purposes of finality.

            Although
there are three defendants, only two of them moved for dismissal.  By granting the motion to dismiss, the trial
court only disposed of the claims against the two moving defendants.  The June 22 order also states, “Plaintiff’s causes of action is
[sic] hereby DISMISSED WITH PREJUDICE
as to all claims for failure to comply with Chapter 14 of the Texas Civil
Practices and Remedies Code.”  Because
the record demonstrates that neither the trial court nor Aguilar and Carranza
realized that TDCJ is a party, this language does not unequivocally indicate an
intent to dispose of Castillo’s claims against TDCJ.  Finally, the order states, “All other relief not hereby granted
is otherwise DENIED.”  This language no
longer denotes a final judgment.  See Lehmann, 39 S.W.3d at 203-04.

            This case is similar to Fuller v. Moya, No. 10-09-00294-CV, 2009 WL 4852425 (Tex.App.--Waco Dec. 16, 2009, no pet.)(mem.
op.).  In that case, the plaintiff sued
TDCJ and several of its employees.  See 2009 WL 4852425, at *1.  Two of the employees filed a motion to
dismiss.  The trial court granted the
motion “and dismissed [Plaintiff’s] ‘cause of action’ as frivolous ‘with
prejudice as to all claims.’”  Id. (quoting the trial court’s order).  After this order was entered, other
defendants were served and the plaintiff continued to litigate his claims
against them.  Fuller, 2009 WL 4852425, at *1  Despite the seemingly conclusive language in
the order, the appellate court held that it was not a final judgment.  See id.

Conclusion

            The June
22, 2010 order is not a final judgment. 
Accordingly, this appeal is dismissed for lack of jurisdiction.

 

 

February 29, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
We consider the Fort Stockton Unit and TDCJ to be one defendant.