

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00150-CV

**WILLIAM MACON,**

**Appellant**

**v.**

**TDCJ-ID, ET AL,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 24,659

## MEMORANDUM OPINION

William Macon, a state prison inmate, sued the Texas Department of Criminal Justice (TDCJ) and two of its employees, Robby Coey and Len Stegall, under the Texas Tort Claims Act for injuries allegedly received while being transported on a TDCJ bus. After answering, Coey and Stegall filed a plea to the jurisdiction, seeking their dismissal under section 101.106 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (Vernon 2011). The trial court granted the plea and dismissed with prejudice Macon's claims against Coey and Stegall in an order signed on March 12,

2010. Macon appealed.

Macon asserted a Tort Claims Act cause of action against TDCJ. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 2011). Specifically, Macon sued the "Texas Department of Criminal Justice—ID Transportation Division." The clerk's record reveals that TDCJ was never served because service was unsuccessfully attempted on TDCJ by mail to the "TDCJ Transportation Division/Department." At the trial court's request, the Attorney General filed an advisory that, among other things, asserted that TDCJ was unwilling to waive service and provided the appropriate name and address for service. Macon's first issue complains that the District Clerk improperly served the citation on TDCJ.

We first must determine if the order being appealed is an appealable final judgment. *Parks v. Dewitt County Elec. Coop.*, 112 S.W.3d 157, 160-61 (Tex. App.—Corpus Christi 2003, no pet.) (citing *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990)). Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (footnotes omitted).

That order, entitled "Order of Dismissal and Final Judgment," grants Coey and Stegall's plea to the jurisdiction and dismisses with prejudice Macon's claims against Coey and Stegall. The order concludes: "The court denies all relief not expressly granted in this judgment."

Unless an interlocutory appeal is expressly authorized by statute, we only have

jurisdiction over an appeal taken from a final judgment. *Id.* Generally, a judgment is final if it disposes of all pending parties and claims in the record. *Guajardo v. Conwell*, 46 S.W.3d 862, 863-64 (Tex. 2001); *Lehmann*, 39 S.W.3d at 204. In cases where there is no conventional trial on the merits, such as a summary judgment proceeding, a judgment is final for purposes of appeal only if it either actually disposes of all claims and parties before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment. *Lehmann,* 39 S.W.3d at 204. If other claims remain in the case, "an order determining the last claim is final." *Id.* at 200. Whether an order is a final judgment for purposes of appeal must be determined from its language and the record in the case. *Id.* at 204.

The status of an order cannot be conclusively determined by its title, either "final" or "interlocutory." *Id.* at 200. The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *Id.* The use of a "Mother Hubbard" clause, which includes the language "all relief not expressly granted herein is denied," is no longer determinative of finality, especially without a conventional trial on the merits. *Id.* at 203-04.

The order granting Coey and Stegall's plea to the jurisdiction is not an appealable interlocutory order. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008) (providing for interlocutory appeal of order that grants plea to the jurisdiction "by a governmental unit").

However,

a judgment may be final, even though it does not dispose of all

> parties named in the petition, if the remaining party was never served with citation and did not file an answer, and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party.

*Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi 2009, pet. [denied]) (citing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004) (reaffirming validity of *Youngstown Sheet & Tube*).

*Fuller v. Moya*, No. 10-09-00294, 2009 WL 4852425, at *1 (Tex. App.—Waco Dec. 16, 2009, no pet.).

> Unless the record suggests that the plaintiff has no intention of pursuing the claims against the unserved defendant, that defendant remains a party to the case for purposes of determining the finality of an order. *See Vacca v. Glass,* 148 S.W.3d 207, 208 (Tex. App.—Texarkana 2004, pet. denied) (op. on reh'g).

*Castillo v. Aguilar*, ___ S.W.3d ___, ___, 2012 WL 640741, at *3 (Tex. App.—El Paso Feb. 29, 2012, no pet. h.).

We find *Castillo* particularly instructive because it is so similar procedurally; the plaintiff sued two TDCJ employees and TDCJ, but the record did not conclusively establish that TDCJ was served. *See id.* at ___, 2012 WL 640741, at *1, 3. The suit against the two employees was dismissed under Chapter 14, and the plaintiff appealed. *See id.* at ___, 2012 WL 640741, at *1-2. But because the record made it clear that the plaintiff intended to serve TDCJ and nothing suggested that he "did not intend to pursue his claims against TDCJ, it is a party to the case for purposes of finality." *Id.* at ___, 2012 WL 640741, at *3. Accordingly, the El Paso court, relying in part on our *Fuller* decision, found that the dismissal order was not final and that it lacked jurisdiction over the appeal. *See id.* at ___, 2012 WL 640741, at *3-4.

We likewise conclude that TDCJ is a party to this case for purposes of finality. Macon intended to sue TDCJ and intended to have TDCJ served. Further, his complaint on appeal about the District Clerk's allegedly improper service on TDCJ indicates his intent to pursue his claim against TDCJ.

The "Mother Hubbard" clause does not make the order final and appealable. *See Lehmann*, 39 S.W.3d at 203-04. And because Macon's claim against TDCJ has not been disposed of, we dismiss this appeal for lack of jurisdiction. *See Castillo,* ___ S.W.3d at ___, 2012 WL 640741, at *3-4.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray dissenting)
Dismissed
Opinion delivered and filed May 23, 2012
[CV06]