**Opinion issued June 14, 2016**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-15-01083-CV**

———————————

**SUSAN POWELL, Appellant**

**V.**

**THE HOUSE COMPANY, DAVID BOWERS,**
**AND STEVEN MACKLEM, Appellees**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. CV0074820**

---

## MEMORANDUM OPINION

After discovering alleged defects in her home, Susan Powell sued her realtor (David Bowers), the realtor company (The House Company), and the previous owner (Steven Macklem), seeking a declaratory judgment that certain provisions in the purchase contract were void and unenforceable. The defendants filed a motion

to dismiss the declaratory-judgment action for lack of subject-matter jurisdiction, which the trial court granted. Powell appeals the order granting that motion because it (1) improperly states that it is a "final judgment" and (2) would have a negative res judicata effect on a second lawsuit that was, and remains, pending. We affirm.

## Background

Powell alleges that the home she purchased from Macklem had numerous defects, including improperly installed wiring and incomplete structural repairs. According to Powell, Macklem concealed these defects and neither Bowers nor The House Company disclosed them to her.

Powell sued Macklem, The House Company, and Bowers, seeking a declaratory judgment that certain provisions in her home purchase agreement are void and unenforceable. She moved for summary judgment, which the trial court denied. Powell then filed a second lawsuit to recover damages caused by the defects in the home.

Before the trial court ruled on Powell's motion for summary judgment, the defendants filed a motion to dismiss the declaratory-judgment action for lack of subject-matter jurisdiction because, according to them, Powell's claims did not meet the Texas Declaratory Judgment Act's requirement that a declaration of rights be capable of resulting in a full and final disposition of the parties' legal relations.

Powell originally opposed the defendants' motion to dismiss but then withdrew her opposition. Before the hearing on the motion, Powell rescinded her withdrawal of opposition and argued that the trial court retained subject-matter jurisdiction. The trial court granted the summary-judgment motion "in regard to all defendants" and "dismissed" the lawsuit "dispos[ing] of all claims by the Plaintiff." The order stated that it "is a final judgment." Powell appeals that order.

## "Final Judgment" Language in Order

Powell does not deny that the trial court lacked jurisdiction over her declaratory-judgment lawsuit. She asks us to affirm the trial court's judgment dismissing the lawsuit for lack of subject-matter jurisdiction. But she argues that the trial court erred in designating the dismissal as a "final judgment." The defendants argue that the trial court "does not purport to render a judgment on the merits of [Powell's] claims" and, thus, the dismissal order is not improper.[1]

---

[1] Powell also contends that the trial court's earlier denial of her summary-judgment motions may have a res judicata effect on her second lawsuit. The defendants contend that we do not have jurisdiction over that issue. They argue that, because Powell asks us to affirm the trial court's judgment dismissing her case for lack of subject-matter jurisdiction, there is no controversy between the parties and, therefore, any decision on the res judicata effect of the trial court's orders denying Powell's summary-judgment orders would be an impermissible advisory opinion.

The general rule is that a trial court's denial of a summary-judgment motion is not reviewable on appeal. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Thus, we do not address Powell's arguments about those issues.

## A.      "Final judgment" language

For an appellate court to have subject-matter jurisdiction, aside from inapplicable statutory interlocutory appeals, the trial court must have issued a "final judgment," that is, a judgment that "disposes of all pending parties and claims." *Castillo v. Aguilar*, 366 S.W.3d 251, 253 (Tex. App.—El Paso 2012, no pet.). In determining whether a judgment is final for purposes of appellate subject-matter jurisdiction, the appellate court cannot require that the final judgment be in any particular form; it "must be determined from its language and the record in the case." *Id.* at 254.

Powell cites *Whallon v. City of Houston* to argue that the "final judgment" language in the trial court's order is improper because an order on the merits entered in a case in which the trial court does not have subject-matter jurisdiction "cannot be considered final" because it is void. 462 S.W.3d 146, 155 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The failure of a jurisdictional requirement deprives the court of the power to act, "and ever to have acted, as a matter of law." *In re Guardianship of V.A.*, 390 S.W.3d 414, 417–18 (Tex. App.—San Antonio 2012, pet. denied).

The trial court's order in this case does not purport to be a ruling on the merits. It is entitled "order of dismissal." The order references the defendants' motion to "dismiss for lack of subject matter jurisdiction" and states that it grants

that motion "in regard to all defendants." Although it states that it is a "final judgment," in context of the order, this means that the order "disposes of all pending parties and claims." *See Castillo*, 366 S.W.3d at 253. Thus, the trial court did not err in including the words "final judgment" in the order dismissing the declaratory-judgment lawsuit.

We affirm the trial court's order dismissing the first lawsuit for lack of subject-matter jurisdiction.

**Conclusion**

We affirm the trial court's order.



Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.