

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| D&H UNITED FUELING SOLUTIONS, INC., | § | No. 08-23-00266-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | 143rd Judicial District Court |
| v. | | |
| | § | of Ward County, Texas |
| CEMENTOS READY-MIX, LLC, | | |
| | § | (TC#22-04-25989-CVW) |
| Appellee. | | |

## MEMORANDUM OPINION

Appellant D&H United Fueling Solutions, Inc. (D&H), attempts an appeal from the trial court's order granting a motion to compel discovery in favor of Appellee Cementos Ready-Mix, Inc. We dismiss for want of jurisdiction.

## BACKGROUND

The facts relevant to this appeal are not disputed. On April 7, 2022, Cementos filed an original petition against Dustin Martinez, an individual, and D&H, a Texas corporation. Although D&H timely filed an answer, Martinez did not. On September 26, 2022, Cementos moved for entry of default judgment against Martinez, asserting in its motion that Martinez was served with process on August 20, 2022, and the return of service had been on file with the clerk for more than ten days. Cementos claimed that Martinez should have answered as of September 12, 2022, but no

answer had yet been filed. To its motion, Cementos attached a copy of the issued citation and an affidavit of substitute service.

On September 27, 2022, the trial court signed a judgment titled, "Final Default Judgment," granting Cementos's motion for entry of default judgment and rendering a judgment for Cementos on all claims. As for actual damages, the judgment ordered that Cementos recover $64,975.98 from defendant Martinez. The judgment, however, concluded by stating: "This is a final, appealable judgment in this matter, disposing of all claims and all parties, and any relief not granted herein is hereby denied. Plaintiffs are allowed such writs and process as may be necessary in the enforcement and collection of this judgment."

On April 25, 2023, or seven months thereafter, Cementos filed a motion to compel discovery from defendant D&H. Cementos asserted that D&H had refused to provide discovery, and that it responded to every interrogatory and request for production with the same objection. The objection stated as follows:

> RESPONSE: Defendant objects to responding to this discovery as a Final Default Judgment was entered in this case on September 27, 2022 which states "this is a final, appealable judgment in this matter, disposing of all claims and all parties, and any relief not granted herein is hereby denied." Accordingly, the matter is concluded[,] and no response is required. To the extent Defendant is incorrect and the matter is not concluded, it reserves all other objections and responses.

Cementos argued that D&H's interpretation of the order granting default judgment was wholly inconsistent with the pivotal case of *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). It urged that: "[i]n determining whether an order for a judgment should be considered final as to all parties, the analysis does not end at a merely superficial review of the words of the judgment, but instead requires a thorough inspection of the record, the conduct of the parties, and the intent

2

of the court." Based on its interpretation of *Lehmann*, Cementos maintained there was no legal basis for D&H to refuse to respond to discovery requests. Cementos urged the trial court to compel D&H to respond to discovery and pay reasonable expenses and attorneys' fees incurred in filing the motion to compel.

D&H responded to Cementos's motion to compel by asserting the trial court had issued a judgment that unequivocally disposed of all claims and all parties. It urged that Cementos missed its opportunity to appeal the judgment within the statutory time frame. D&H argued that "[a]fter a matter is dismissed, discovery cannot be conducted." In short, D&H maintained that "the time for discovery has ended, and the time for appeal has ended."

On June 8, 2023, the trial court held a brief hearing, wherein it invited counsel to submit either a letter brief or citations to cases addressing whether the default judgment it had entered in the case was final and appealable such that it now lacked plenary power to address the pending discovery motion. Both sides next filed letter briefs as requested.

On August 25, 2023, the trial court issued a letter ruling finding it had continuing plenary jurisdiction. Thereafter, on September 26, 2023, the court granted by written order Cementos's motion to compel and ordered D&H to deliver objections and responses to discovery within seven days. D&H next filed a notice of interlocutory appeal pursuant to Texas Civil Practice and Remedies Code § 51.014. In its notice of appeal, D&H expressed its desire to appeal the discovery order, and to include the trial court's finding that it has plenary jurisdiction of the case.

### APPELLATE JURISDICTION

In two issues, D&H appeals the order granting Cementos's motion to compel. First, D&H asserts the Final Default Judgment, which was signed on September 27, 2022, was a final, appealable judgment. Second, in citing to *Lehmann*, 39 S.W.3d at 200, and its progeny, D&H

contends the trial court lacked plenary power to grant or deny Cementos's motion to compel discovery. Responding, Cementos asserts the trial court's default judgment was not final, and it did not dispose of claims against D&H.

Before addressing the merits of this appeal, we must first address our appellate jurisdiction to decide the case. Even when not raised by any party, "we have an obligation to ensure that we have jurisdiction before proceeding to the merits of the appeal." *See Castillo v. Aguilar*, 366 S.W.3d 251, 253 (Tex. App.—El Paso 2012, no pet.). Generally, a direct appeal may be taken only from a final judgment or from certain interlocutory orders expressly made appealable by statute. *See Lehmann*, 39 S.W.3d at 195; *see e.g.,* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (providing list of interlocutory orders that may be appealed).

Here, D&H attempts to appeal from the trial court's order granting a motion to compel discovery. In doing so, D&H generally cites to § 51.014 of the Texas Civil Practice and Remedies Code without specifying any of its provisions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. In its entirety, however, no provision of § 51.014 permits an interlocutory appeal from a motion to compel discovery. Rather, an order granting a motion to compel discovery is an interlocutory order that is not appealable. *See Matter of Estate of Valenzuela*, No. 08-21-00112-CV, 2021 WL 3827425, at *1 (Tex. App.—El Paso Aug. 27, 2021, no pet.) (mem. op.). We conclude we lack jurisdiction over D&H's attempted appeal of the trial court's order granting Cementos's motion to compel discovery.

Additionally, D&H argues the trial court's interlocutory order is void; and therefore, this Court may review the order even if it is not a final judgment. But even if the trial court rendered an order that is void due to its lack of subject-matter jurisdiction, nonetheless, this Court still has no jurisdiction to entertain an interlocutory appeal absent statutory authority that permits such. *See*

4

*Young v. Villegas*, 231 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2007, pet. filed). And finally, as an alternative, D&H did not file a petition for writ of mandamus, nor did it request that we treat its appeal as a petition for writ of mandamus. Thus, we express no opinion on a matter that is neither argued nor raised.

Accordingly, we dismiss for want of jurisdiction.


GINA M. PALAFOX, Justice

June 7, 2024

Before Alley, C.J., Palafox and Soto, JJ.