

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| D&H UNITED FUELING SOLUTIONS, INC., | § | No. 08-23-00266-CV |
| | § | Appeal from the |
| Appellant, | § | 143rd Judicial District Court |
| v. | § | of Ward County, Texas |
| CEMENTOS READY-MIX, LLC, | § | (TC#22-04-25989-CVW) |
| Appellee. | | |

## SUBSTITUTED MEMORANDUM OPINION

Appellant D&H United Fueling Solutions, Inc. (D&H), filed a notice of appeal attempting a direct appeal challenging the trial court's grant of Cementos Ready-Mix, LLC's motion to compel discovery. In two issues, D&H asserts that, because the trial court rendered a final and appealable default judgment several months before it ruled on Cementos's discovery motion, the court lacked plenary power when it later signed the order compelling discovery. Although we earlier issued an opinion and judgment dismissing the appeal for want of jurisdiction, D&H thereafter filed a motion for rehearing requesting we construe its briefing alternatively—in substance, if not form—as an attempt to invoke our original jurisdiction by way of a writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011). We grant the motion

for rehearing, withdraw the opinion and judgment issued on June 7, 2024, and issue this opinion in its place.[1] We conclude we lack appellate jurisdiction, but having received an alternative request to construe the appeal as a petition for writ of mandamus, we rely on our mandamus authority and conditionally grant mandamus relief.

## BACKGROUND

The facts relevant to this appeal are not disputed. On April 7, 2022, Cementos filed an original petition against Dustin Martinez, an individual, and D&H, a Texas corporation. Although D&H timely filed an answer, Martinez did not. On September 26, 2022, Cementos moved for entry of a no-answer default judgment against Martinez. The next day, the trial court signed a judgment titled, "Final Default Judgment," granting Cementos's motion for entry of default judgment and rendering judgment in its favor "on all claims." As for actual damages, the judgment ordered that Cementos recover $64,975.98 from defendant Martinez. The judgment, however, concluded by stating: "This is a final, appealable judgment in this matter, disposing of all claims and all parties, and any relief not granted herein is hereby denied. Plaintiffs are allowed such writs and process as may be necessary in the enforcement and collection of this judgment."

On April 25, 2023, or seven months thereafter, Cementos filed a motion to compel discovery from defendant D&H based on its refusal to provide discovery. To every interrogatory and request for production, D&H responded with the same objection, stating as follows:

> RESPONSE: Defendant objects to responding to this discovery as a Final Default Judgment was entered in this case on September 27, 2022 which states "this is a final, appealable judgment in this matter, disposing of all claims and all parties, and any relief not granted herein is hereby denied." Accordingly, the matter is concluded[,] and no response is required. To the extent Defendant is incorrect and the

---

[1] Because we have granted D&H's motion for rehearing to consider the substance of its issues as a mandamus proceeding, we dismiss as moot D&H's alternative request for a reasonable time to correct any defect or irregularity in its pleadings.

matter is not concluded, it reserves all other objections and responses.

Cementos's motion to compel argued that D&H's interpretation of the order granting default judgment was wholly inconsistent with the pivotal case of *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). It urged that: "[i]n determining whether an order for a judgment should be considered final as to all parties, the analysis does not end at a merely superficial review of the words of the judgment, but instead requires a thorough inspection of the record, the conduct of the parties, and the intent of the court." Based on *Lehmann*, Cementos maintained there was no legal basis for D&H to refuse to respond to discovery it had requested. Cementos urged the trial court to compel D&H to respond to discovery and pay reasonable expenses and attorney's fees incurred in the filing of the motion to compel.

D&H responded to the discovery motion by asserting the trial court had earlier issued a judgment that unequivocally disposed of all claims and all parties. It urged that Cementos missed its opportunity to appeal the judgment within the statutory time frame. D&H argued that "[a]fter a matter is dismissed, discovery cannot be conducted." In short, D&H maintained that "the time for discovery has ended, and the time for appeal has ended."

On June 8, 2023, the trial court held a brief hearing, wherein it invited counsel to submit either a letter brief or citations to cases addressing whether the default judgment it had entered in the case was final and appealable such that it now lacked plenary power to address the pending discovery motion. Both sides filed briefing as requested.

On August 25, 2023, the trial court issued a letter ruling finding it had continuing plenary jurisdiction. Thereafter, on September 26, 2023, the court granted by written order Cementos's motion to compel and ordered D&H to deliver objections and responses to discovery within seven

3

days. D&H next filed a notice of interlocutory appeal pursuant to Texas Civil Practice and Remedies Code § 51.014. Alternatively, D&H requested in its motion for rehearing that this Court construe its appeal as a petition for writ of mandamus.

## APPELLATE JURISDICTION

Generally, a direct appeal may be taken only from a final judgment or from interlocutory orders that are expressly made appealable by statute. *See Lehmann*, 39 S.W.3d at 195; *see e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (providing list of interlocutory orders that may be directly appealed). Even when not raised by a party, "we have an obligation to ensure that we have jurisdiction before proceeding to the merits of the appeal." *See Castillo v. Aguilar*, 366 S.W.3d 251, 253 (Tex. App.—El Paso 2012, no pet.). Here, D&H attempts to appeal from the trial court's order granting a motion to compel discovery. Ordinarily, discovery orders are interlocutory and not appealable. *See Matter of Estate of Valenzuela*, No. 08-21-00112-CV, 2021 WL 3827425, at *1 (Tex. App.—El Paso Aug. 27, 2021, no pet.) (mem. op.). Nevertheless, D&H cites to § 51.014 of the Civil Practice and Remedies Code, without specifying any particular provision, as a basis for permitting its interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. None of § 51.014's provisions expressly permit an interlocutory appeal from an order compelling discovery. We thus conclude we lack jurisdiction over D&H's attempted appeal of the order compelling discovery.

## MANDAMUS

Because Civil Practice and Remedies Code § 51.014 does not allow an interlocutory appeal of the type of order at issue, D&H alternatively requests that we treat the appeal as a petition for writ of mandamus. Seeking relief, D&H argues the trial court's order is void for lack of plenary authority. It urges that form should not override substance. Cementos responds that D&H has the

4

adequate alternative legal remedy of filing for writ of mandamus with the Texas Supreme Court. Because of the controversy over form, we first consider whether D&H may assert an alternative request for mandamus relief while not following the prescribed form for seeking such relief.

In *CMH Homes*, 340 S.W.3d at 452, the Supreme Court addressed an interlocutory appeal of an order appointing an arbitrator. There, in pursuing an interlocutory appeal, appellant CMH Homes had also requested mandamus relief from the intermediate court of appeals. *Id*. at 446. The other party objected to the mandamus request, contending that no petition for mandamus had been filed and the appellate court could not enlarge its jurisdiction absent a legislative mandate. *Id*. But the Supreme Court rejected that argument. *Id*. As much as the Court agreed with the appellate court's initial determination that it lacked jurisdiction over the appeal, still it remanded the case for the court of appeals to consider the appeal as a petition for writ of mandamus. *Id*. at 446. In ruling, the Court held that "CMH Homes invoked the court of appeals' original jurisdiction by specifically requesting that its appeal be treated as a mandamus petition." *Id*. at 452.

*CMH Homes* reiterated that a bona fide attempt to invoke a court's jurisdiction is permitted because the approach allows for substance to override form. *Id*. at 452–53 (citing, e.g., *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) ("[T]he factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction." (internal quotations and citations omitted)); *see also Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("The court of appeals . . . has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps.*, 813 S.W.2d 499, 500 (Tex. 1991) ( "If the appellant timely files a document in a bona fide attempt to

5

invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal."). Explaining the basis for this rationale, *CMH Homes* described that Texas policy "disfavors disposing of appeals based upon harmless procedural defects." *Id*. at 453 (internal quotes omitted).

Following this principle, our sister court in Austin has similarly construed briefing on appeal as a bona fide attempt to invoke the court's original jurisdiction even when a request is first made in a motion for rehearing. *See Caldwell v. Garfutt*, No. 03-12-00696-CV, 2014 WL 1576871, at *1 (Tex. App.—Austin Apr. 17, 2014, orig. proceeding). There, the court granted appellant's request to treat briefing as a petition for mandamus. *Id*. Although the court did not ultimately agree with appellant's argument, it considered whether mandamus relief was warranted. *Id.*

Here, in its briefing and at trial, D&H urged on appeal that the trial court acted outside its plenary jurisdiction when it entered an order, purportedly void, compelling it to answer discovery. Mandamus is proper to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy at law. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). And it is also recognized that "[i]f a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

The finality of the default judgment and the propriety of the later order compelling discovery were contested issues raised and considered by the trial court. These arguments were raised in Cementos's motion to compel, in D&H's response, and in the parties' letter briefs filed

6

after a brief hearing. The trial court specifically recognized that an issue had arisen as to whether it retained plenary power to act in light of D&H's argument regarding the finality of the default judgment. Only after the trial court concluded that it maintained continuing plenary jurisdiction did it proceed to a hearing on the motion to compel. The court then reiterated its ruling in finding it maintained its plenary jurisdiction.

We conclude that requiring D&H to file a separate mandamus action in these circumstances would elevate form over substance, leading to a waste of the parties' time and a waste of judicial resources. *See CMH Homes*, 340 S.W.3d at 453. We conclude that because D&H requested mandamus relief in our Court, and judicial efficiency militates against requiring a separate original proceeding, we may properly grant D&H's request to the extent it also sought mandamus relief. *See CMH Homes*, 340 S.W.3d at 454; *Caldwell*, 2014 WL 1576871, at *1. We turn next to consider together the merits of D&H's two issues.

## PLENARY POWER

D&H first argues the trial court's September 2023 order granting Cementos's motion to compel discovery is void because the Final Default Judgment rendered in September 2022 was a final, appealable judgment. Citing to *Lehmann*, 39 S.W.3d at 200, and its progeny, D&H contends the trial court lacked plenary power to grant or deny Cementos's motion to compel discovery. Responding, Cementos also cites to *Lehmann* but asserts instead that the trial court's default judgment was not final, and it did not dispose of claims against D&H. Cementos argues the trial court's plenary power did not expire, and thus it properly ruled on the motion to compel discovery.

"Whether a trial court's plenary power has expired is a question of law we review de novo." *Montalvo v. Tummel*, No. 13-20-00314-CV, 2020 WL 5887565, at *1 (Tex. App.—Corpus Christi-Edinburg Oct. 1, 2020, pet. denied) (mem. op.) (citing *Estate of Brazda*, 582 S.W.3d 717, 731

7

(Tex. App.—Houston [1st Dist.] 2019, no pet.). Absent other filings extending a trial court's plenary power, that power expires 30 days after a final judgment is signed. *See* Tex. R. Civ. P. 329b(d). Here, whether the trial court's plenary power had expired at the time it ordered D&H to respond to discovery wholly depends on whether the default judgment entered seven months earlier is deemed a final, appealable judgment as a matter of law.

The Supreme Court of Texas has given two indicators of finality when a judgment is issued without a conventional trial. A judgment is final if it: (1) "states with unmistakable clarity it is a final judgment as to all claims and all parties[,]" or (2) "it actually disposes of all claims and parties then before the court, regardless of its language." *Lehmann*, 39 S.W.3d at 192–93; *see also In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018); *Sealy Emgcy. Room, L.L.C. v. Free Standing Emgcy. Room Mgrs. of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024).

With respect to the first path to finality, *Lehmann* explained, "the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 200. For this facial finality to apply, the intent to finally dispose of the case must be unequivocally expressed in the words of the order or judgment. *Id*. When such language is present, *Lehmann* instructs that the words must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. *Id*. at 206.

In *In re Elizondo*, the Supreme Court reaffirmed this facial finality test and further clarified that courts are prohibited from performing a record review when "a finality phrase" is included in the judgment. *In re Elizondo*, 544 S.W.3d at 828. ("[A] reviewing court confronting an order that includes a finality phrase cannot look at the record. Instead, it must take the order at face value.").

This prohibition is easily understood when qualifying language is present on the face of a judgment. The Court explained:

> If it were otherwise, finality phrases would serve no purpose. That is, if both of *Lehmann's* tests allow a reviewing court to look at the record, then a reviewing court may always look at the record. That would distill *Lehmann's* joint tests into a simple rule: when there has not been a conventional trial on the merits, a court must look to the record to determine whether the judgment is final. That is not *Lehmann's* rule. Had it lacked the finality phrase, the original order in this case would not have disposed of all claims and parties. However, since the original order included a finality phrase, it was clear and unequivocal.

*Id.* Consequently, when finality language is present, the language itself cannot be ignored or deemed superfluous as the wording itself serves a distinct purpose in accord with *Lehmann*'s and *Elizondo*'s holdings. *See id.*

In a factually similar case to this dispute, the Supreme Court applied *Lehmann* when reviewing a trial court's default judgment. *See In re Daredia*, 317 S.W.3d 247 (Tex. 2010) (per curiam). In *Daredia*, the plaintiff creditor moved for default judgment against one of two defendant debtors. *Id.* at 248. The trial court granted the motion and signed the proposed judgment submitted by the plaintiff that stated: "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." *Id.* The *Daredia* court determined that, based on this finality language, the default judgment as to both parties may have been inadvertent, but it was nevertheless final. *Id.* at 249. Consequently, the Court found the trial court abused its discretion when it entered an order on a motion for judgment nunc pro tunc more than 15 months later. *Id.* at 248–50.

The language in the default judgment before us is almost identical to the judgment in *Daredia*. The default judgment here states: "This is a final, appealable judgment in this matter, disposing of all claims and all parties, and any relief not granted herein is hereby denied." If anything, the finality language before us is clearer than the language at issue in *Daredia* due to the

9

inclusion of the word "appealable" and the additional language indicating that post-judgment enforcement measures were available to Cementos. *See id.* Here, the language of the default judgment clearly and unequivocally indicates that it is intended to be final. *Lehmann* dictates, and *Elizondo* and *Daredia* make clear, that we must give effect to the finality language of the default judgment even though the trial court may have acted inadvertently as to one or both defendants. Due to the facial presence of the finality language, we are instructed not to perform a review of the record but to give effect to the words of the judgment. Doing so, we hold the default judgment was final and appealable when rendered in September 2022.

We additionally hold the trial court clearly abused its discretion in granting Cementos's motion to compel discovery in September 2023, or months after its plenary power had already expired. D&H has no adequate remedy at law. *See Panchakarla*, 602 S.W.3d at 539 ("If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio.") Accordingly, we conditionally grant D&H's request for mandamus relief and direct the Honorable Mike Swanson, presiding judge of the 143rd Judicial District Court, to vacate his order dated September 25, 2023. Our writ will issue only if the trial court fails to promptly comply.

GINA M. PALAFOX, Justice

July 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

10